## SUPREME COURT.

### James Chappell & Byron D. M'Alpine agt. Henry S. Potter.

If the rule, that an injunction cannot be issued in one action to stay proceedings in another in the same court, prevails under our present system, it must be confined to cases where the whole object of the injunction would be accomplished by a simple order to stay proceedings.

Where an injunction is proper in reference to part of the subject of the action, there is no good reason why one should not be allowed broad enough to embrace the whole case, if a restraint as to the whole is proper, although as to the residue of the controversy the restraint might be obtained by a mere order to stay proceedings.

In what mode proceedings in a pending action shall be restrained, is matter of practice purely, and where circumstances render a restraint by injunction the most proper, that mode may be resorted to.

Where notes against third persons are turned out as collateral securities for a debt, with the endorsement of the debtor, who afterwards makes partial payments on the principal debt, and subsequently suits are commenced on the notes, and judgments obtained against all the parties, makers, and endorsers, by default; the party who turned out the notes is not concluded by the judgment against him from showing, when sued on the principal debt, or suing to obtain the securities, that less than the amount of the judgment against him as endorser on the collateral securities is due from him on the principal debt.

*At Chambers, November* 21, 1854.
Motion to vacate an injunction.
The facts sufficiently appear in the opinion.

W. F. Cogswell, *for defendant.*
Farrer & Durand, *for plaintiffs.*

T. R. Strong, Justice. Upon the plaintiffs' theory of this case, that the judgments and plankroad stock are held by the defendant as collateral security for a sum of money due to him from their assignor, and that he refuses to relinquish the securities to them on being offered and tendered payment of that sum, with the costs of recovering the judgments, this action is properly brought.

Chappell & M'Alpine agt. Potter.

The plaintiffs might obtain a stay of proceedings on the judgments by motion in the actions in which the judgments were obtained; but that is only part of the relief to which they are entitled, even in respect to the judgments. They seek to obtain, and are entitled to the benefit of the judgments as against the principal debtors therein; and they also seek to obtain, and are entitled to the stock.

For the same reason that the action is proper, the defendant should, upon the plaintiffs' application, be restrained from enforcing or disposing of the judgments, or transferring the stock, until the determination of the action, with a view to the relief asked.

It is claimed on the part of the defendant, that this stay of proceedings cannot regularly be by injunction, and that the only correct practice is to obtain a simple order for that purpose by a special motion in the actions in which a stay is desired.

In *Dyckman* agt. *Kernochan,* (2 *Paige,* 26,) the late CHANCELLOR says, that "it is not the practice of this court to permit an injunction bill to be filed, either by parties or privies to the proceedings in a former suit, to restrain proceedings under the decree. The court can control its own process and the proceedings of its own officers, without an original bill being filed for that purpose." He further says, "If any order was proper, the present complainants should have applied by petition to the chancellor." (*See also* 1 *Hoff. Chan. Prac.* 89, *and note* 2; 1 *Barb. Chan. Prac.* 619.)

This doctrine has been applied under the Code; and it has been held that an injunction cannot be issued in one action to stay proceedings in another in the same court. (*Dederick* agt. *Hoysradt,* 4 *How. Prac. Rep.* 350.)

If this rule is applicable under our present system, it must, I think, be confined to cases where the whole object of the injunction would be accomplished by the simple order to stay the proceedings. Where, as in this case in respect to the stock, an injunction is proper in reference to part of the subject of the action; or where, as in this case, it is sought not only to re-

Chappell & M'Alpine agt. Potter.

strain proceedings to enforce securities, but also the disposal of them, there is no good reason why an injunction should not be allowed broad enough to embrace the whole case.  Unless such an injunction is allowable, a party must, in such cases, resort to an injunction in part, and in part to an ordinary order, to obtain the full restraint desired, and proper to be had.  This should not be necessary.  In what mode proceedings in another action shall be restrained is a matter of practice purely ; and, when circumstances render a restraint by injunction the most proper, I think that mode may be resorted to.

The counsel for the defendant insists, that these plaintiffs are concluded by the judgments obtained by the defendant on the securities, other than the stock, against their assignor and the other parties, from alleging that the whole amount of those judgments was not due when they were recovered; and therefore that there is no equity in the plaintiffs' case.  I think the assignor of the plaintiffs, upon their view of the case, might have successfully resisted a recovery against him as endorser upon the collateral securities for more than the amount actually due from him upon the principal debt; but I am inclined to think he was not bound to do so in order to protect his rights. There was actually due, upon the collateral obligations, the full amount for which the judgments were rendered ; and he might allow judgment against him as endorser to that amount without prejudice to his right, when sued upon the principal debt, to prove that less was due, or to show that a smaller sum was due ; and thereupon, on payment thereof, to have the benefit of the judgments.  The judgments, like the demands upon which they were obtained, are merely collateral security for the sum actually due the defendant.

Although the defendant in his affidavit avoids the whole equity of the complaint, the affidavits in reply are so full and strong that the injunction cannot be dissolved on that ground.

But I am satisfied that the Revised Statutes, in regard to security to be given upon an injunction " to stay proceedings at law in a personal action after judgment," apply to this case. The defendant claims to be the absolute owner of the judg-

ments; and the plaintiffs, as assignees of one of the judgment debtors, ask that he be restrained from proceeding to collect them. The case is directly within those statutes. (2 *R. S.* 189, §§ 186, 191.)

The motion must be granted, unless the plaintiffs, within ten days after service of a copy of the order hereon, deposit in court a sum of money equal to the full amount of the judgments in question, including costs; or execute a bond to the defendant, with two sufficient sureties, to be approved by a judge of this court, or a county judge, in a penalty double said amount, conditioned to pay the amount so required to be deposited, whenever ordered by the court; and unless the plaintiffs also execute a bond to the defendant in the penalty of at least $500, with like sureties, and to be approved in like manner, conditioned for the payment to the defendant and his legal representatives, of all such damages and costs as may be awarded to him by the court on the final hearing of the cause; and also pay ten dollars costs of this motion. Upon compliance with those terms, the motion to be denied.