The Binghamton Opera House Company, Appellant, v. The City of Binghamton, Respondent.— Judgment affirmed, with costs.—
HARDIN, P. J.: Plaintiff seeks to recover possession of the premises described in the complaint, the same being the premises sought to be acquired by the defendant for the extension of Henry street in virtue of proceedings in condemnation instituted under the charter of the defendant. This action was commenced on the 28th of December, 1892,

and in the complaint it was alleged that the plaintiff acquired title, which was theretofore possessed and held by Edward J. Patterson and Jennie Patterson to the lands described in the complaint, the same having been purchased at a foreclosure sale had upon a mortgage executed by the Pattersons to Charles Schlager and another, and subsequently assigned to the Binghamton Trust Company, and by it foreclosed. At the sale Francis W. Downs became the purchaser, and a few days after the purchase he transferred his right, title and interest in the premises so purchased to the plaintiff. The complaint alleges that the defendant wrongfully took possession of the premises on the 12th of December, 1892, and that the defendant still withholds the same from the plaintiff. The defendant admits instituting proceedings under its charter to acquire the premises for street purposes mentioned in the complaint, and that condemnation proceedings were conducted under the charter, and avers "that it did and performed on its part all the conditions necessary and requisite to be performed to acquire the right to use as a street in behalf of and for the city of Binghamton, and that said city duly acquired the right to open, use and continue said street." It also alleges "that plaintiff assented to and acquiesced in the taking of the property described in the complaint by this defendant, and, in pursuance of a notice theretofore given, took and caused to be removed from said premises the buildings thereon, thereby assenting to the proposed taking by defendant and lessening the price affixed on said property one hundred dollars." The defendant avers by way of answer "that possession of the premises embraced in the extension of Henry street was taken by and with the consent and permission of the plaintiff herein." The trial court has, in its findings of fact, stated the conclusions reached upon numerous questions relating to the validity of the proceedings of the defendant to acquire title to the property in question. The trial court has found that there was a dispute as to the award made in the condemnation proceedings in the following language: "That on the 18th day of August, 1892, the right to receive, and ownership of the award therein, was disputed between Edward J Patterson and Jennie Patterson on the one part, claiming the same, and the Binghamton Opera House Company, also claiming the right to said award, and by reason of such dispute and in pursuance of and under a resolution of the common council of the city of Binghamton duly passed and approved by its mayor, as set out in finding twenty-eight herein, the defendant paid to the office of the clerk of the county of Broome, as clerk of the Supreme Court, the said sum of $6,170.00, being said award, which was duly received by said clerk, and defendant, at the time of such payment, accompanied the same with, and handed the said county clerk, a copy of said resolution containing the facts and circumstances of the case, and the amount of said award and such other facts and circumstances as related to the ascertaiment of the award." We think the finding was based upon sufficient evidence to support the same. The court also found that "Soon after the 18th day of August, 1892, and upon and after the payment of the award to the office of the clerk of the county of Broome, the defendant lawfully, and with the assent of the plaintiff, entered upon the land described in the complaint, pursuant to the resolution of the common council declaring their determination to make such improvement and street, and caused the said street to be opened,

worked and used, which was the only possession of the said premises described in the complaint by the defendant." The evidence upon the trial discloses the fact that Judge Downs, who purchased the property in behalf of the plaintiff, had taken some part in the proceedings instituted by the defendant to open a street across the lands, and had advocated the action of the common council in that direction, and it appears that some surveys were made and monuments were placed and maps made and filed under the resolution of the common council. Some other evidence was given tending to support the conclusion of fact just stated. The court found as conclusion of law that the possession taken by the defendant of, and dominion exercised over, the premises described in the complaint, was lawful. It seems to follow that the plaintiff was not entitled to a judgment in ejectment against the defendant. (6 Am. & Eng. Ency. of Law, 587–594.) It seems not improbable that this action was brought more for the purpose of testing the plaintiff's supposed right to the award in virtue of its acquisition of the title of Mr. Downs, who was purchaser at the mortgage

foreclosure sale; and the elaborate argument submitted by the learned counsel for the appellant upon questions relating to the validity of the condemnation proceedings, and upon the supposed rights of the plaintiff to participate in the award, need not be passed upon at this time, inasmuch as we have expressed our views in the case of Patterson against this same defendant at the case heard at this term, which, if adopted, will lead to a solution of some of the questions that are embraced in the argument of the appellant. Besides, all the parties interested are not before the court. Inasmuch as we have reached the conclusion that the trial court was warranted in finding that the possession of the defendant was not unlawful at the time of the commencement of this action, we sustain the result there pronounced. Merwin, J., concurred; Martin, J., not voting.

