(14 Misc. Rep. 1.)

### BERNER v. KAYE.[1]

(Common Pleas of New York City and County, General Term. August 22, 1895.)

1. CHATTEL MORTGAGE—CONSIDERATION—AGREEMENT NOT TO SUE.
    An agreement not to sue on an overdue note is a sufficient consideration to constitute the holder a mortgagee for value, as against the vendor in a conditional sale, who failed to file a copy of the contract of sale, though the time for which the mortgagee would forbear to sue was not fixed.

2. SAME—GOOD FAITH OF MORTGAGEE—BURDEN OF PROOF.
    One who claims chattels under a mortgage, as against a vendor in a conditional sale, who failed to file the contract of sale, has the burden of showing that the mortgagee accepted the mortgage without notice of the vendor's rights.

3. TRIAL—CONCESSIONS OF PARTY—EFFECT ON APPEAL.
    In an action for conversion by a vendor in a conditional sale, against one claiming the goods under a chattel mortgage, where defendant, on the trial, conceded plaintiff's right to recover unless the mortgage was taken in good faith, he cannot, on appeal, urge that there was no proof that the vendee was in default under the contract of sale.

Appeal from First district court.

Action by Herman D. Berner against Solomon L. Kaye for conversion. Judgment was rendered for plaintiff, and defendant appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

B. Lewinson, for appellant.

Edward J. Krug, Jr., for respondent.

BISCHOFF, J. Defendant obtained possession of the chattel in suit as purchaser upon a sale under foreclosure of a chattel mortgage, and his defense to this action rests upon the title of his vendors, the mortgagees. Plaintiff sold and delivered the chattel to one Magnus, the sale being conditional upon the payment of the pur-

[1] Motion for reargument or for leave to appeal to court of appeals denied. See 35 N. Y. Supp. 1103.

chase price, title to remain in the vendor meanwhile; those terms being expressed in a bill of sale, which was never placed upon record. Magnus subsequently mortgaged this chattel to Hartman, Goldsmith & Co., as security for the payment of certain promissory notes held by that firm; they promising, in return, to forbear suit upon one of the notes, which was lately due and protested. It does not appear that such forbearance was to endure for any fixed period. Upon foreclosure of the mortgage, defendant purchased the chattel, and on his refusal of plaintiff's demand for its return this action was brought.

The judgment in favor of the plaintiff was based upon the theory that the defendant's vendors were not mortgagees "in good faith," such mortgagees alone being protected by the statute which declares that "all conditions and reservations which provide that the ownership of such goods and chattels is to remain in the person so contracting to sell the same, or other person than the person so contracting to buy them, until said goods or chattels are paid for, or until the occurring of any future event or contingency, shall be absolutely void as against subsequent purchasers and mortgagees in good faith, and as to them the sale shall be deemed absolute, unless such a contract for sale with such conditions and reservations therein, or a 'true copy thereof, shall be filed as directed in the succeeding section of this act." Laws 1884, c. 315, § 1. We agree with counsel for the appellant that the promise to forbear suit upon the note matured, and at the time enforceable against the mortgagor, constituted the mortgagees such "for value"; and, though such forbearance was not to endure for any fixed time, the agreement was to be construed to imply forbearance for a reasonable time, the measure of which time was supplied by the circumstances of the particular case. Bank v. Parker, 130 N. Y. 415, 29 N. E. 1094. But that the mortgagees were such "for value" alone did not constitute them mortgagees "in good faith." It was requisite to invest them with the latter quality that at the time of the taking of the mortgage the mortgagees acted in honest ignorance of the adverse claim of the plaintiff to the mortgaged chattel. 8 Am. & Eng. Enc. Law, p. 161; Bronner v. Loomis, 17 Hun, 442; Institution v. Duryea, 67 N. Y. 84. Obviously, if the mortgagees, though parting at the time with adequate consideration therefor, accepted the mortgage with notice of the plaintiff's rights, and with intent to defeat his claim to the mortgaged chattel, or to secure some advantage over him, they were not such "in good faith." To say that a man takes in good faith when he acts with notice, and, of course, under conscious hostility to another, who has before taken a similar title, would be a legal solecism. The object of the statute here is that of all the other registry acts,—to prevent imposition upon subsequent purchasers and mortgagees, who must many times govern themselves by appearances. When everything is actually explained to them, they have the best kind of notice, and must be holden to take subject to the prior incumbrance. Gregory v. Thomas, 20 Wend. 17, 19. For omission to file the contract, or a copy

thereof, the statute declares that the sale shall be deemed absolute only as to subsequent purchasers and mortgagees in good faith. "Good faith," therefore, is the tabula in naufragia of the mortgagees who claim in hostility to the vendor's otherwise superior rights. With its invocation by them, the mortgagees, and all persons claiming under them, necessarily assert that they are of the class of persons the statute designs to protect; and assuming, as they do, the affirmative in that regard, the burden of proving their "good faith" rests upon them. Abb. Tr. Ev. 715, and cases there cited. Without proof of their "good faith," the statute has no application to them. Upon the trial of this action, however, the defendant utterly failed, even of the attempt, to show that at the time his vendors took the mortgage they were without notice of the plaintiff's rights to the mortgaged chattel, and the record of the appeal is destitute of all evidence from which the absence of such notice can be inferred. A judgment for the plaintiff, therefore, for the value of the chattel, was the only conclusion which was warranted by the facts.

By stipulation of counsel, which appears in the trial minutes, the value of the chattel in suit was fixed at $100, and judgment was rendered for the plaintiff in that amount. Nothing in the record indicates that the value of the plaintiff's interest in the chattel was reduced by payments on account of the purchase money which Magnus had agreed to pay. Hence the contention that the judgment was excessive is without support.

Lastly, it is urged for reversal that there was no proof of default in payment on Magnus' part, and, therefore, that the plaintiff's right to the possession of the chattel, at the time of his demand for its return, did not appear. This position is in conflict with the one assumed by the defendant upon the trial, which conceded the plaintiff's right to possession, except as against the defendant's vendors as mortgagees "in good faith," and those claiming title under them. The position last assumed is for that reason unavailing. Fay v. Muhlker, 1 Misc. Rep. 321, 323, 20 N. Y. Supp. 671, and cases cited. The judgment should be affirmed, with costs.