## CARTER, RICE & CO. v. HOWARD.

(Supreme Court, Appellate Term, First Department. June 22, 1896.)

1. PLEADING—ANSWER—ISSUABLE ALLEGATIONS.
   A mere recital in the answer, in an action against the indorser of a note, that plaintiff, in a former action against the maker of the note, recovered a judgment against him on the original debt, does not present the defense that plaintiff had elected to retain the debt and surrender the note.

2. SAME—LITIGATION OF MATTERS NOT PLEADED.
   The parties to an action may, by consent, litigate a defense not pleaded, which consent may be inferred from the admission, without objection, of evidence irrelevant, except as to such defense, or from the charge of the court, acquiesced in by the parties.

3. NEGOTIABLE INSTRUMENTS—ACTION BY PAYEE AGAINST SUBSEQUENT INDORSER.
   In an action by the payee of a note against an indorser thereof, two witnesses testified that defendant, when he indorsed the note, knew that the maker intended to use it in settlement of his indebtedness to plaintiff, and that defendant indorsed the note for the accommodation of the maker, who on the faith thereof secured credit from plaintiff. *Held* sufficient to overcome the presumption that defendant's liability as an indorser was subsequent to that of the payee.

4. JUDGMENT—RES JUDICATA.
   A judgment against the maker of a note on the original debt is not res judicata in a subsequent action against the indorser of the note, as neither the causes of action nor the parties were the same.

5. ELECTION OF REMEDIES—ACTION ON NOTE OR ORIGINAL DEBT.
   The judgment roll of an action by the holder of a note against the maker alone to recover on the original indebtedness does not show an election to retain the original debt and surrender the note, where the judgment roll shows that, simultaneously with the recovery of the judgment for the original debt, plaintiff recovered judgment on the note.

6. SAME—RIGHT OF ELECTION.
   The payee of a note has no right of election between the note and the original debt, where the note was given and accepted under an agreement that the original debt should be thereby discharged.

7. PAYMENT—GIVING NOTE.
   An agreement that a note given for a precedent debt shall discharge the debt is valid.
8. CONTRACTS—CONSIDERATION—TAKING NOTE IN PAYMENT OF DEBT.
   The indorsement by defendant of a note given to plaintiff by his debtor is a sufficient consideration to support an agreement that the original debt shall be thereby extinguished.

Appeal from city court of New York, general term.

Action by Carter, Rice & Co., a corporation, against John Howard, on a promissory note indorsed by defendant for the accommodation of the maker. A judgment entered on a verdict in favor of plaintiff was affirmed by the city court (37 N. Y. Supp. 1144), and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Spellissy & Gray, for appellant.
Howard A. Sperry, for respondent.

BISCHOFF, J. For the amount of his precedent debt one Mc-Munn gave to the plaintiff, a corporation, his promissory note, payable to the latter's order, and indorsed by the defendant. At maturity the note was only partly paid, and thereafter, in an action upon the original debt, the plaintiff had judgment by default against McMunn for the balance due. Failing to realize upon such judgment the plaintiff brought this action upon the note against the indorser only, and had judgment therein for such balance. The complaint contained the averments necessary to charge the defendant with liability as prior indorser, and the answer denied them. For further defenses the answer interposed (1) a recital of the judgment recovered against the maker of the note upon the original debt, (2) an alleged agreement between the plaintiff and the maker, whereby the time of payment of the note was extended without the defendant's assent, and (3) payment. No evidence was given upon the trial in support of such second and third defenses, and the contention of the defendant was mainly with regard to the defense that by proceeding against the maker upon the original debt the plaintiff had elected to repudiate the note, and to discharge the maker, as well as the defendant, from all liability thereon.

In passing we may say that the mere recital of the judgment upon the original debt against the maker of the note did not present the defense that the plaintiff had elected to retain the debt, and surrender the note. Such recital was no more than a statement of evidence, and did not involve an averment of the ultimate fact, the election. It was not for that reason issuable. Pom. Rem. & Rem. Rights, §§ 526, 687; Bliss, Code Pl. § 206; People v. Ryder, 12 N. Y. 433. It was competent to the parties, however, to litigate a defense not pleaded by consent, and the consent is, in the case at bar, inferable (1) from the admission, without objection, of evidence otherwise irrelevant, the judgment, and (2) from the charge of the trial court, acquiesced in by the litigants. Frear v. Sweet, 118 N. Y. 454, 23 N. E. 910. We assume the fact to be, as

contended by the defendant, that the judgment against the maker of the note in suit included the debt for which the note was given. But, even so, it does not follow that the recovery below was unauthorized. When the cause was about to be submitted to the jury, the defendant's counsel moved the dismissal of the complaint, and to the denial of the motion an exception appears of record. No ground for the motion was stated at the time, but the motion purported to be a renewal of the one made when the plaintiff had concluded its introduction of direct evidence, and the grounds then specified were (1) that the evidence was insufficient to overcome the legal intendment of the defendant's liability as an indorser subsequent to the payee, issuing from the note itself, and (2) that the judgment against the maker for the original debt merged any cause of action upon the note. Two of the plaintiff's witnesses, Sloat and Sperry, had given testimony to the effect that the defendant, when he indorsed the note, knew that the maker intended to use it in settlement of his indebtedness to the plaintiff; that the defendant indorsed the note for the maker's accommodation alone; and that the latter did, upon the faith of the note, and its indorsement by the defendant, secure the desired credit, otherwise abundantly appeared. Within the rule adjudged in Moore v. Cross, 19 N. Y. 227, and Coulter v. Richmond, 59 N. Y. 478, the evidence alluded to, if credited by the jury, entitled the plaintiff to a recovery in this action (waiving for the moment the defense next to be discussed), the discharge of the maker's precedent debt or the plaintiff's forbearance to collect being each an adequate consideration for the indorsement. Mayer v. Heidelbach, 123 N. Y. 332, 25 N. E. 416; Bank v. Parker, 130 N. Y. 415, 29 N. E. 1049; Cook v. Rowell, 88 Hun, 620, 34 N. Y. Supp. 1135; Berner v. Kaye (Com. Pl.) 35 N. Y. Supp. 181. The first ground of the motion under review was, therefore, properly overruled.

With regard to the second ground of the motion it is open to debate that the question of an election between the debt and the note was thereby presented. If not so presented upon the trial, it cannot be urged upon appeal. Technically, the judgment against the maker of the note upon the original debt was not res judicata in this action. Neither did it merge any cause of action upon the note or indorsement, given for the debt. A judgment merges only the cause of action upon which it is founded, and here the causes of action were not the same. Furthermore, the defendant was not a party to the record of the former action. 3 Black, Judgm. §§ 673, 746; 21 Am. & Eng. Enc. Law, 128; Duchess of Kingston's Case, 2 Smith, Lead. Cas. (6th Am. Ed.) 633; Stowell v. Chamberlin, 60 N. Y. 272; Butler v. Miller, 1 N. Y. 497; Steele v. Lord, 28 Hun, 27. We will, however, further assume that the point which counsel intended to make upon the trial is the one urged upon this appeal,—that by proceeding against the maker upon the original debt, after maturity of the note, the plaintiff elected to waive any claim upon the note against both the maker and indorser. That such was the trial justice's understanding is clear from the following charge to the jury:

"If you determine that this note was given for the purpose of paying a debt which the defendant's father-in-law (McMunn) owed to the plaintiffs, or a part of a debt which he owed them, and then that they sued upon that debt, and recovered judgment upon the same, that would release the defendant from the note in suit, and the plaintiffs cannot now maintain this action. Therefore there are two questions to be decided by you. As to the first one, the duty is upon the plaintiffs, as I have said, to show by the weight and preponderance of the proof that the note was indorsed by the defendant for the purpose of giving credit to the same. If you determine that issue in favor of the plaintiffs, then you will consider the contention the defendant puts forth,—that, even if he did sign the note for the purpose of giving credit to the same, the plaintiffs have no cause of action because they elected to sue upon the debt itself. If you determine that to be so, your verdict will have to be in favor of the defendant."

We grant that one may not assume inconsistent positions (Bigelow, Estop. c. 20, p. 578; 7 Am. & Eng. Enc. Law, 22; Steinbach v. Insurance Co., 77 N. Y. 498; Fay v. Muhlker, 1 Misc. Rep. 321, 323, 20 N. Y. Supp. 671); that ordinarily the creditor's acceptance of his debtor's promissory note for a precedent debt operates as a payment sub modo (Hughes v. Wheeler, 8 Cow. 77; Putnam v. Lewis, 8 Johns. 389; Hill v. Beebe, 13 N. Y. 556; Noel v. Murray, Id. 167; Bradford v. Fox, 38 N. Y. 289; Carroll v. Sweet, 128 N. Y. 19, 27 N. E. 763); and that at maturity the creditor is put to his election of treating the note either as a payment, thus extinguishing the precedent debt, or not as a payment, thus retaining the debt, and entitling the debtor to the return and cancellation of his note (18 Am. & Eng. Enc. Law, 176; Holmes v. De Camp, 1 Johns. 34; Smith v. Lockwood, 10 Johns. 366; Burdict v. Green, 15 Johns. 247). The propositions alluded to proceed from the principles that, "whenever by law or by contract a party has laid before him a variety of steps, the taking of one of which excludes another or the rest, he must choose between them" (Bish. Cont. § 808; Whart. Cont. § 623, 6 Am. & Eng. Enc. Law, 247; and note in Fowler v. Bank, 23 Abb. N. C. 145, 21 N. E. 172); and that the election, once made, is final and irreversible (Bish. Cont. § 808; Morris v. Rexford, 18 N. Y. 552; Rodermund v. Clark, 46 N. Y. 354; Moller v. Tuska, 87 N. Y. 166). But, however accurate the defendant's contention, as embodied in the trial justice's charge, may have been as an abstract legal proposition, it was inapposite to the facts of the particular case to which it was sought to be applied. No election between the debt and the note was shown, since it appeared from the judgment roll in evidence that simultaneously with the recovery of the judgment against the maker upon the original debt, the plaintiff had judgment against him upon the note. At most it could be said, therefore, that the plaintiff insisted upon both the debt and the note. Furthermore, the plaintiff, from the facts in evidence, in one aspect thereof, had no such right of election as the defendant urges upon this appeal; and, failing of the right to elect, no such election resulted. It sufficiently appeared upon the trial that the note in suit was given by the maker and accepted by the plaintiff under an agreement supported by a sufficient consideration that the debt should be thereby absolutely extinguished or discharged. It was competent

to the parties so to agree (Noel v. Murray, 13 N. Y. 167; 18 Am. & Eng. Enc. Law, 167); and if, upon such a state of the facts, the maker of the note in suit had undertaken to defend the action against him upon the original debt, the plaintiff's recovery in that action could have been defeated to the extent of the debt. Possibly now the judgment debtor in that action may have relief upon a proper motion. But the maker's acquiescence in the judgment against himself upon the debt cannot avail the indorser. It was competent to the former to give and to the plaintiff to accept any security for the note, without thereby in the least degree impairing the indorser's liability. Quite another question would, of course, have been presented if there had been a further agreement between the plaintiff and the maker whereby, in consideration of the judgment upon the original debt, the note was to be surrendered or canceled. No such defense, however, was pleaded; nor was any attempt made to substantiate it upon the trial. A creditor's right of election between the precedent debt and the debtor's note given and accepted therefor proceeds from the absence of a consideration to support an agreement that the note should be accepted in satisfaction of the debt. The note, under such circumstances, is not a new debt, but merely a new promise to pay an existing debt. The debtor thus suffers no detriment, and the creditor secures no advantage. In the case at bar, however, we have the facts that the debtor gave the note and that the creditor received it in payment of the existing debt, and that the amount of the note was by mutual consent of the parties actually carried to the credit of the debtor in extinguishment of the debt. The consideration for the agreement to extinguish the debt was the indorsement of the note by the defendant, a security or advantage not theretofore possessed by the creditor. Every constituent of a valid agreement to extinguish the debt by the note was, therefore, present, and from such an agreement neither of the parties thereto could recede without the consent of the other. Obviously, the plaintiff, at maturity of the note, had no such right of election as the defendant urges in avoidance of his liability as indorser. In our opinion, the plaintiff was entitled to the direction of a verdict in its favor upon the defense that by the recovery of a judgment against the maker upon the original debt the plaintiff had elected to waive any claim upon the note against either the maker or the indorser.

Judgment affirmed, with costs. All concur.