ARTHUR N. FRISBEE, Appellant *v.* ALICE W. TUFTS, Respondent.

(County Court, Oneida County, October, 1911.)

Former adjudication — Causes of action barred or merged in general — Rule of merger.

Where a husband and wife jointly acknowledge in writing liability for the rent of the house they occupy, and where the wife subsequently gives a written acknowledgment of her several personal liability therefor, and the landlord brings suit against both husband and wife and takes judgment against the husband only, such judgment is not a bar to an action against the wife thereafter brought to enforce her several personal liability for the indebtedness.

APPEAL from a judgment of a justice's court rendered in favor of defendant.

Lee & Dowling, for appellant.

W. K. Harvey, for respondent.

HAZARD, J. This is an appeal on questions of law from a judgment rendered by a justice of the peace of the city of Utica in favor of the defendant. It seems that some time early in the year 1908 the plaintiff became the owner of the premises 145 Howard avenue, Utica, N. Y., and that defendant was at the time a tenant of a part of those premises. She

4

was a married woman, but living apart from her husband. She continued to reside in the premises until July, 1909, when she moved out, owing $117 rent. On June 16, 1909, a paper was given to the plaintiff which has been known in these cases as exhibit A, and which reads as follows:

" To Mr. and Mrs. Arthur Frisbie:

" We are unable at this date to come to any decision with the insurance company, and the best we can say is that we acknowledge and assume the debt of rent and will as soon as expenses are lower than at present will pay the amount or part as we can. We heartily thank you for your patience, and trust that in trying your patience yet a little longer·that all will come out satisfactorily.

" Signed this 16th day of June, 1909.

" ALICE WILLIAMSON TUFTS.
" CHARLES R. TUFTS."

In the following month the plaintiff seems to have presented another paper to the defendant in this action, which has been and will hereafter be referred to as exhibit B, and she signed it. It reads as follows:

"*July* 7, 1909.

" Mrs. Tufts to A. N. Frisbie, Dr., To rent of residence, 145 Howard Avenue, from December 20, 1908, to July 7, 1909, at $18. per month or $117.

"A. N. FRISBIE.

"Acknowledged by Alice W. Tufts July 8, 1909."

It seems none of this rent was paid; and, on May 3, 1910, a summons was issued in favor of the plaintiff and against Mr. and Mrs. Tufts. The complaint alleges a renting of the premises in question to both defendants, and that there was a balance of $115 of rent due. On the return day Mr. Tufts did not appear. Mrs. Tufts did appear and pleaded a general denial, " and she is a married woman supported by her husband and not liable for such debts." The justice's record in that action shows that the suit was thereupon " adjourned by consent as to her to May 20, 1909;" and it appears that, on the date of the return of the summons, the plaintiff was sworn, and he testified: "Am plaintiff

herein.  Know Defendant Charles R. Tufts.  I rented to
his wife premises 145 Howard Avenue about June 1, 1908.
She lived in the house to July 7, 1909, and about June 1,.
1909, at $18 per month.  She was to pay me in advance.
She paid to December 20, 1908; and then, to July 7, 1909,
she failed to pay the rent, amounting to $117.  No part paid
except $2, paid by her husband, Mr. Tufts, paid my at-
torney; balance of $115 due me and interest from July 1,
1909.  I talked with Mr. Tufts about it and he agreed to
pay as he could for it each month.  He gave me exhibit A
in writing assuming the debt of said rent."  Exhibit A was
then offered and received in evidence, and a judgment
appears. to have been entered for damages, $121.90; costs $2.

It will be observed that there is a discrepancy between the
complaint and the evidence, the former saying that the prem-
ises were rented to both defendants.  Upon the proof, plain-
tiff could not have recovered except with the aid of exhibit A.
The form of the judgment which was entered does not appear,
except as it is shown in the execution issued thereon, which
appears to be in favor of the plaintiff and against defendant
Charles Tufts.  The judgment so entered has never been col-
lected or satisfied.  Subsequently, and on May 11, 1911,
plaintiff brought this action against defendant.  His com-
plaint was verified, and, in brief, alleges " that he was the
owner of the premises 145 Howard Avenue; that defendant
was a married woman, living separate and apart from her
husband, and that, on or about April, 1908, defendant entered
into a special and personal agreement with plaintiff whereby
she, personally and individually and with the intention to
charge herself therefor, hired and leased the premises in
question at $18 per month, and entered into possession
thereof, and quit the premises owing $117; that no part of
same has been paid, except $2 paid by defendant's husband
under a written guaranty as surety for said rent."  Defend-
ant's answer denies practically all of the complaint, sets up
that she is a married woman supported by her husband, and
for a further and separate defense sets up the judgment
obtained in the prior action, claiming it to be a bar.

The case went to trial.  Plaintiff testified to being the

owner of the premises, and that defendant was living in them when he purchased the property and for about a year and a half afterward, and that defendant gave him exhibit B, and that she owed $117 when she moved out.

Plaintiff's wife was sworn in his behalf and testified that, shortly after they came into possession of the premises, she had a talk with the defendant, "and she said that she would pay $18 a month rent in advance," and that paper (exhibit B) was given to this witness who identified defendant's handwriting. The judgment roll and papers in the previous action were proven in the case, as was the identity of the parties and of the debt, and defendant gave no further evidence, but moved for a non-suit upon the grounds that, *first,* the plaintiff had failed to establish a cause of action against this defendant; *second,* it appears that this plaintiff, Arthur N. Frisbie, brought an action for the same rent sued for herein against Charles R. Tufts and Alice Tufts, and in that action filed an answer. Plaintiff elected to and did proceed against Charles R. Tufts and did recover judgment against him for the same rent, and any claim or demand which he had became merged in the judgment, and he is barred thereby. Thereupon the justice entered judgment dismissing the complaint, with costs, and from that judgment this appeal is taken.

There has been a good deal of loose practice in this case. The plaintiff's complaint in the first action does not square with his proofs, and he could not have recovered in that action except upon production of the paper known as exhibit A. In the present action there would have been a serious question about his right to recover except for the production of exhibit B. As to the first action, I find no warrant in law for the procedure adopted by the justice. I do not think he had any right to enter a judgment against Charles R. Tufts and assume to keep the action alive as to the other defendant. In other words, I find no provision in the Code for severing an action in justice's court. The first action seems to have been ultimately abandoned as to defendant Alice W. Tufts. The plaintiff's case seems to have been dismissed in this second action, upon the theory that the former judgment was

a bar, or that proceeding to judgment against Charles R. Tufts was an election of remedies on the part of the plaintiff, which was binding upon him, and prevents him from maintaining a second action against the other defendant for the same debt. There is no question but that the original debt sued for in both actions is identically the same; and the question remains as to whether plaintiff, having obtained a judgment against one of the joint debtors (under exhibit A), is estopped from bringing a second action to recover the same debt against the codefendant, Alice W. Tufts.

Defendant claims that the prior judgment is *res judicata.* The general rule is " that a judgment of a court of competent jurisdiction is final and conclusive upon the parties, not only as to the issue actually determined, but as to every other question which the parties might or ought to have litigated, or all the issues that were necessarily involved.". Stokes v. Foote, 172 N. Y. 344; Earle v. Earle, 173 N. Y. 487. The general rule of law is that the former judgment extends by way of estoppel to any material matters expressly litigated and determined, and also to those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated. Pray v. Hegeman, 98 N. Y. 355; Burdick v. Cameron, 10 Hun, 591; Campbell P. P. & Mfg. Co. v. Walker, 114 N. Y. 7.

"It is not sufficient that the action should be between the same parties and in respect to the same property; it must be shown that the *particular cause of action* has been before the court, and that it was passed upon in arriving at the judgment of the court." McCarthy v. Hiller, 26 App. Div. 588.

The reason for the doctrine of *res judicata* and the purport or practical effect of a former adjudication are made clear by the *dictum* in Lorillard v. Clyde, 122 N. Y. 48, in which the court said: " As it has been twice adjudged in actions founded on the same contract and brought under the same circumstances as this, that the defense now insisted upon is not good, the defendants are bound by the result even if it was wrong, because the policy of the law does not permit a

retrial, between the same parties, of an issue already determined by a prior judgment that is still in force." "A judgment is *res judicata* only as to those matters which are within the subject-matter of the litigation, and those which, as incidental to or essentially connected with it, might legitimately have been litigated in the action." Hymes v. Estey, 116 N. Y. 509. " One of the tests which will determine the question whether two causes of action are identical, is to see if the same evidence will sustain both; they generally are the same when the same evidence equally supports either." Bell v. Merrifields, 109 N. Y. 209.

In Stowell v. Chamberlain, 60 N. Y. 272, it is said: " The question is whether the same evidence will maintain both actions. If the evidence which will sustain the second would have authorized a recovery in the first, under the allegations of the complaint, the first judgment is an absolute bar to the second. * * * A judgment for the defendant in an action of trover may bar an action of *indebitatus assumpsit* for the value of the same goods, but to constitute a bar it must appear that the question of property was passed upon in the first action. * * * If the judgment set up by the defendants had gone against the plaintiff on the merits and upon a question material to the maintenance of the present action, for example, upon the question of property, the present action would have been barred. * * * No point was decided adversely to the plaintiff, in the former action, essential to the maintenance of, or that is involved in the present. The only question common to the two is the general property of the plaintiff in the bonds." Further on in the same case it is said: " The evidence was the same in the two actions only up to a given point, and from that point there was a divergence, showing, conclusively, that the causes were not the same." In that action plaintiff was allowed to recover in *assumpsit,* although he had failed in a previous action in trover.

Considering the foregoing well settled principles as applied to the action at bar, and eliminating, as we must to arrive at any results at all, the discrepancies between the plaintiff's pleadings and proofs in the two actions, we find that there

were established three propositions which are common to both cases: *first,* that the plaintiff is the owner of the premises in question; *second,* that the premises were rented to the defendant, Alice Tufts; *third,* that there is a balance of $117 (or thereabouts) of rent due. From that point on the evidence in the two actions differs; or, to use the language employed in the Stewart v. Chamberlain case, " from that point there was a divergence." In that case, the fact that there is a divergence, the court says, shows conclusively that the causes were not the same. I think, perhaps, the judgment in the first action should be regarded as *res judicata* upon the three propositions above referred to; but the question remains as to whether it may or may not be possible for the plaintiff to have his second judgment at this time against the wife, despite his former procedure. If he had sued the wife first, I think, on the authority of Carter, Rice & Co. v. Howard, 17 Misc. Rep. 381, he probably might have proceeded with a second suit against the husband on the theory that he was a surety; but it must be kept in mind that he in his first action sued both the husband and wife, and the question is presented, Did the taking of judgment against the husband in the first action amount to an abandonment of his cause of action as to the wife, or an estoppel, or an election of remedies? It may be said that it is difficult to see why the paper, exhibit B, was ever taken. A month prior to that, the plaintiff had received a paper signed by both this tenant and her husband. What advantage accrued to him from the taking of exhibit B is difficult to imagine, as he already had Mr. and Mrs. Tufts' written acknowledgment of the debt. The former written acknowledgment (exhibit A) did not contain a statement of the amount, as the later paper (exhibit B) did. However, he took both papers for the same debt, and is seeking to recover two separate judgments on the strength of that. It must be borne in mind that they both relate to the same fundamental debt, and that there might possibly be a question of law involved as to whether it was really a debt of the husband or wife; but by exhibit A they had both signed a paper jointly assuming it. As to the joint cause of action under exhibit A, it seems to me, on

the authority of Heckemann v. Young, 134 N. Y. 170, it must be decided that there was an election by the plaintiff, when he took a judgment against the husband solely, upon exhibit A. In the case just cited it is said: " It is held to be a bar upon the ground that by the recovery of the judgment the promise or cause of action as to the party sued has been *merged and extinguished in the judgment by operation of law at the instance and by the act of the creditor.* Having but one debt, although two or more persons may be jointly liable for it, the creditor has but one cause of action, which he is not permitted to split up into as many actions as there are joint debtors. *Having but one cause of action, if he prosecute that to judgment against less than the whole number of joint debtors, he is deemed to have intended to waive his right to proceed against the others. The idea of election by the creditor is necessarily involved."*

I think it must, therefore, be decided that, if plaintiff had no " cause of action" except such as is founded upon " exhibit A," he would be bound by the judgment; but it seems to me that the paper, exhibit B, while it is true it is founded upon the same debt, constitutes a different and separate cause of action. We are warranted in this conclusion by the *dictum* quoted from Stewart v. Chamberlain, where it is held that the fact that there is a divergence in the evidence in two cases, from a given point, shows conclusively that the causes of action are not the same. See also Johnson v. Smith, 8 Johns. 383; Rice v. King, 7 id. 20 In other words, the rule of election of remedies must be applied, I think, only where the action is upon a joint liability. In the case at bar there was a joint liability (involved in the first action) and a several liability (established in the second one). See Dean v. Whiton, 16 Hun, 203. In that case the court said: " The discontinuance, although it did not release Chase, rendered another action necessary to enforce the liability against him," citing Bolen v. Crosby, 49 N. Y. 183; Irvine v. Milbank, 56 id. 635; Hoag v. Lamont, 60 id. 96.

The doctrine of merger is plainly and fully stated in Cyc. pages 1106–1110. But in each and all of these cases it is

said that there is but one cause of action, as for instance, one note or one bond.  In the case at bar, the defendant-respondent has twice signed her name to different written instruments admitting her liability for the rent in question.  It seems to me that each of these constitutes a " cause of action," or, at least, that exhibit B establishes a several and distinct personal debt in this defendant, as distinguished from the joint liability established by exhibit A.  If it is the status of affairs that defendant was the one primarily liable for the rent due on the oral lease, as seems to have been the case according to the evidence adduced, and that the paper, exhibit A (on which the recovery in the former action was based), was in the nature of a collateral security, then the original debt of this defendant did not merge in the judgment against the surety.  Hawks v. Hinchcliff, 17 Barb. 503; Chapman v. Martin, 13 Johns. 234; Butler v. Miller, 1 N. Y. 500, 501; Bunker v. Langs, 76 Hun, 545; Davis v. Anable, 2 Hill, 339; Chappell v. Cotter, 11 How. Pr. 367; 23 Cyc. 1194.

The defense in this action is, undoubtedly, without merit, the defendant, as stated, having twice admitted in writing her indebtedness; and it does not appear to me that the court should go out of its way to relieve her from her repeatedly acknowledged legal obligation on a technicality.

The judgment of the justice must necessarily have been founded upon the legal assumption that the former judgment was either an election of remedies, or was *res judicata,* or in some way an estoppel against proceeding upon exhibit B, as there was no evidence of anything else given by the defendant; and I, therefore, think the judgment was erroneous and against the weight of evidence; and the judgment must, therefore, be reversed and a new trial ordered before the same justice.

Judgment reversed and new trial ordered.