American Soda Fountain Company, Plaintiff, *v.* John Najarian and Mike Meynoian, Defendants.

Supreme Court, Broome County, July, 1922.*

Sale — conditional — mortgage by conditional vendee — when purchaser on foreclosure of mortgage has no rights as against conditional vendor — constructive notice — when no election of remedies by suit on notes.

A creditor has the right to enforce his claim by more than one remedy provided they are not inconsistent.

The conditional vendee of a chattel who has not paid the purchase price has no mortgageable interest in the property through which a good title can be obtained by a purchaser who has at least constructive notice.

The contract of conditional sale of a second-hand soda fountain expressly provided that it should remain the absolute property of the vendor until paid for and that on default of any payment all the notes given for the purchase price should become due and payable. *Held*, that the parties clearly intended that title should not pass until the notes were paid.

The conditional vendee gave a mortgage upon the soda fountain which expressly provided that it was given subject to the vendor's lien for the purchase price, and in an action by the vendor to recover possession of the chattel the answer of the defendants, who claimed title through the purchaser at the foreclosure sale under the mortgage, did not allege that defendants were purchasers in good faith and for value without notice of plaintiff's claim. No proof of defendants' lack of notice was offered upon the trial other than plaintiff's failure to file a statement or copy of the contract of conditional sale within the time limit prescribed by section 74 of the Personal Property Law. *Held*, that it further appearing that before the action was commenced a demand for the property was duly made upon defendants and refused, plaintiff was entitled to judgment for the return of the soda fountain.

An action to recover on the unpaid notes though prosecuted to verdict was neither an abandonment of the vendor's lien under the contract nor an election of remedies barring a recovery herein.

Action to recover possession of chattel under contract of conditional sale.

*Merchant, Waite & Waite*, for plaintiff.

*S. Mack Smith*, for defendants.

Tuthill, J. The plaintiff, as vendor, seeks to recover possession of a second-hand soda fountain, and apparatus connected therewith, sold by it under a contract of conditional sale, and the defendants claim title thereto through a purchaser under a chattel mortgage foreclosure, a mortgage on the property having been given by the vendee.

The defendants assert their title to the property is superior.

* Received too late for insertion in proper place.— [Repr.

It is based in part on a failure by plaintiff to file a statement or copy of the conditional contract within thirty days preceding one year from the time of the original filing, as provided by section 74 of the Personal Property Law.

Also the defendants assert that the plaintiff is not entitled to possession of the property as it had elected to sue the makers upon the notes which they gave under the terms and conditions of the contract. Twelve of the notes were unpaid, and an action was instituted to recover the aggregate amount thereof, which has been prosecuted to verdict.

It cannot be seriously contended that defendants were purchasers of the property in good faith as against the plaintiff. It would not seem that a conditional vendee, being without title, has a mortgageable interest in the property through which a good title can be obtained by a purchaser with at least constructive notice, without payment of the purchase price. Moreover, it appears the chattel mortgage expressly provided that the same was given subject to the lien of the plaintiff; also it was stipulated upon the trial that the property was sold subject to the lien and bid in by one of the mortgagees, who sold and transferred all his interest to the defendants. Such interest would only become absolute upon payment of the unpaid purchase price due the vendor. Furthermore, I find no allegation in the answer that defendants were purchasers in good faith and purchased the same for value without notice of the alleged claim of the plaintiff. No proof of the fact of defendants' lack of notice was offered upon the trial other than the failure to refile. It was said in *Flickinger* v. *Glass*, 222 N. Y. 404, 410: " Even though there was no fraud, the mortgage yields to the lien unless it was taken without notice, actual or constructive, of the rights of the vendee; and the burden of proof is with the defendants to show that notice was lacking. (*Seymour* v. *McKinstry*, 106 N. Y. 230.)"

The principal defense urged is that plaintiff having brought an action at law to recover the amount unpaid, as represented by the promissory notes given by the original purchasers to plaintiff under the contract of conditional sale, resulted in an abandonment of the lien under the contract and an election of remedies by the plaintiff, barring a recovery of the property by this action of replevin. It was conceded a demand for the property was duly made and refused by the defendants before the action was instituted.

There would no longer seem to be any reason for doubting the right of a creditor to enforce his claim by more than one remedy if the same are not inconsistent. *Ratchford* v. *Cayuga Co. Cold Storage & W. Co.*, 217 N. Y. 565; followed in *Wiedenback-Dobelin Co.* v.

*Anderson,* 168 Wis. 212. Previous to the decision in the *Ratchford* case there was a diversity of opinion in the courts of this state whether the remedies which the plaintiff has invoked were inconsistent. An examination of the briefs presented to the court in the *Ratchford* case disclosed that the authorities on the point in question cited by the learned attorney for these defendants were then before the court. It was held under the facts in that case, and I believe should be under the facts in this, that there was no inconsistency of remedies. The rights of the parties are fixed by their contract, which provides for a first payment of $250 and the balance in monthly installments of $40 each, with interest at six per cent for which lien notes maturing monthly were to be given, and the contract says: "It is agreed that the apparatus and appurtenances described in this order shall remain the absolute property of the American Soda Fountain Company until paid for, and that in default of any payment all notes shall become due and payable." It was clearly the intention of the parties that title should not pass until the notes were paid and the time of payment was fixed as monthly but was accelerated if there was a default in payment of any note, as it was expressly provided that all notes shall then be due and payable. Such form of note, making the whole due upon default in payment of any installment, is recognized by section 21, subdivision 3, of the Negotiable Instruments Law. It should be observed, as above noted, that in the present case the contract absolutely made all notes due and payable upon default of any payment. There was no option given the vendee to elect whether remaining notes should become due upon default in the payment of one, as the contract unequivocally declared that all the notes should become due upon default in one. The plaintiff anticipated no payments of the notes when a default occurred, for *ipso facto* they all became due under the contract. The vendor was given no election as the contract provided otherwise and thereby prevented a multiplicity of actions on the numerous installments.

Under the contract here presented there would seem to be no reason why the plaintiff should be held to have abandoned its right to recover possession of the property, for which concededly full payment has not been made, simply because it endeavored to coerce the original debtors to pay, by action brought against them, the amount unpaid on their notes, which, if realized upon, would necessarily have resulted in a benefit to the defendants. The cases mentioned by Cardozo, J., in the *Ratchford* case (p. 569) (*Shipley Construction & Supply Co.* v. *Mager,* 165 App. Div. 866; affd., 221 N. Y. 679, and *Whitney* **v.** *Abbott,* 191 Mass. 59, 63)

would seem distinguishable from the present case, as in the former the plaintiff had an election to declare the whole purchase price due on default, which he exercised and so alleged and also filed a mechanic's lien against the property. The court held such was an irrevocable election, that the title passed to the vendee, and, therefore, plaintiff could not reclaim the property. The language of the contract gave two remedies by the use therein of the disjunctive " or," and as plaintiff elected to take one remedy, he could not pursue the other. In the latter case (*Whitney* v. *Abbott, supra,* 63) the court held there was an election to treat the sale as an absolute one, as " the plaintiff brought his action for the whole amount of the purchase money, a part of it according to the conditional agreement *not having come due,*" attached property of the vendee, and took judgment against him by default. In other words, the plaintiff elected to treat the sale as an absolute one and repudiate the conditional agreement, attaching property of the defendant and creating a lien thereon to assure the collection of his judgment, which was clearly pursuing a remedy inconsistent with the reclaiming of the property sold under the conditional contract.

I believe plaintiff's situation is like that of a secured creditor in proceeding against his debtor to enforce the payment of a just claim, which is not inconsistent with his pursuit of any other proper remedy against a third person who wrongfully converts or destroys his security. 20 C. J. 18; *Boles* v. *Missouri Valley El. Co.,* 183 Iowa, 517. In *Durr* v. *Replogle,* 167 Penn. St. 347, 352, the court, speaking of two remedies which were being followed growing out of a conditional contract of sale, one to recover the amount due on a judgment which had been taken, and the other to recover possession of property, says: " The two remedies given by the agreement are not inconsistent with each other, and the partial pursuit of the one does not therefore preclude a resort to the other. The usual rule must prevail, that a party can have any number of different remedies so long as he secures but one satisfaction." Also it was said in *Ratchford* v. *Cayuga Co. Cold Storage & W. Co., supra,* 569: " Of course, when the property has been retaken, the right to receive payment is at an end."

I have, therefore, reached the conclusion that judgment should be rendered in favor of the plaintiff, with costs, and appropriate findings may be submitted therefor.

Judgment accordingly.