MOREY & COMPANY, INCORPORATED, APPELLANT, v. JOSEPH SCHAAD ET AL., RESPONDENTS.

Submitted March 26, 1923—Decided June 18, 1923.

1. The provisions of section 5 of the Uniform Conditional Sales act (*Pamph. L.* 1919, *p.* 461) that the reservation of property in the seller shall be void as to a creditor of the buyer who acquires a lien by attachment or levy, without notice of such reservation, unless the contract of sale or a copy is filed within ten days after the sale, are based upon the theory of actual notice of the making of the contract, or of constructive notice by filing it.

2. Where a contract of conditional sale of goods was not filed within the statutory period of ten days, but was filed afterwards, and a creditor of the purchaser caused a writ of attachment to be issued against the goods after the contract was filed, the conditional sale was not void as against such attaching creditor.

---

On appeal from the Hudson County Circuit Court.

For the appellant, *Samuel Koestler*.

For the propeller corporation, *Philip Cohen*.

For the other defendants, *G. Earl Brugler*.

The opinion of the court was delivered by

MINTURN, J.    After the plaintiff had sold certain machinery to the Improved Propeller Corporation it evidenced the sales by executing three conditional bills of sale to the vendee, which instruments were not recorded within the prescribed statutory period of ten days after the execution thereof. (Conditional Bills of Sales act, *Pamph. L.* 1919, *p.* 461, § 5.)   Some months after the recording of the bills of sale the defendant caused a writ of attachment to be issued out of the Hudson Circuit Court, upon an assigned claim for arrears of rent due to its landlord by the vendee named in the bills of sale and under the writ of attachment the sheriff took possession.   The vendee having defaulted in his stipulated payments, and the contingency provided for in the bills of sale having thereupon arisen, whereby the property *ipso facto* reverted to the vendor, the latter, after having demanded the goods, instituted proceedings in replevin to recover the property, making defendant and all parties to the attachment suit parties defendant.   The learned Circuit Court rendered judgment for the defendant, basing its determination upon the case of *Brown* v. *Christian,* 97 *N. J. L.* 56.   The obvious and concrete inquiry presented therefore for determination on the appeal is whether the fifth section of the Uniform Conditional Sales act (*Pamph. L.* 1919, *p.* 461) was intended to nullify the execution of the bills of sale as against a subsequent attaching creditor, whose attachment was issued months after the bills of sale had been recorded, and who was therefore constructively charged with notice of their existence, and their contents.

The fifth section provides: "Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract, or a copy thereof, shall be filed as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale."

A reading of the opinion of Mr. Justice Bergen in Brown *v.* Christian will render it apparent that the only question at issue there was whether an unrecorded conditional bill of sale was void, as against an attachment, issued by a *bona fide* creditor, and the court, quoting the express language of the statute, held that the bill of sale was invalid, because no attempt was made to comply with the statute.

This same issue was presented in another form in *Thayer Mercantile Co.* v. *National Bank of Milltown, ante p.* 29, where the attachment was issued within the ten-day period of limitation, while the bill of sale was not then, nor at any subsequent period, recorded.

In construing a statute of this remedial character we are guided by the obvious fundamental rule furnished by the purpose of the legislature, which was to give notice to a *bona fide* purchaser or creditor of the exact legal status and property rights of the parties to the contract, so as to enable such intending purchaser or creditor to guide himself accordingly. Pursuant to the express language of the statute, this purpose may be accomplished either by the imparting of actual notice to such parties, or by the filing of the contract itself within the ten days prescribed by the act. Such we conceive was the interpretation given to the act in the opinion referred to where Mr. Justice Bergen remarks: "It (the sale) is absolutely void as to any attaching creditor, unless he has notice of the bill of sale, and of its provisions prior to the execution of the writ." The fourteenth section of the act lends emphasis to this construction, by providing that the sale shall be void only as to those creditors acquiring liens by attachment or otherwise, prior to the filing of the contract or a copy thereof.

It will be observed, therefore, that both the legislative provisions and the decisions construing it are based upon the theory that if actual notice be imparted to the subsequent attaching creditor of the contractual status, existing between the vendor and vendee, such sale is not invalidated; and that whether the notice be actually imparted within the ten

days recording period, or thereafter constructively by filing the instrument, the legal effect is the same. In the case at bar the bills of sale, although recorded after the expiration of the ten days statutory period, were in fact recorded long anterior to the issuing of this writ of attachment, so that one searching the records must have been confronted with their existence and contents, and so acquired the notice contemplated by the statute. Such in effect is the result of our decisions bearing upon the question of constructive notice, under legislative enactments substantially similar in character and purpose to that under review. *Sanborn* v. *Adair,* 29 *N. J. Eq.* 338; *Electric Co.* v. *Equipment Co.,* 57 *Id.* 460; *Reischman* v. *Masker,* 69 *N. J. L.* 353; *Smith* v. *Hotel Co.,* 74 *N. J. Eq.* 616.

That the property in question was not at the time of the issuing of the writ of replevin *in custodia legis,* to the extent of preventing a third party claiming title to repossess himself of the goods, has been the settled law of the state since the early case in the Supreme Court of *Brown* v. *Bissert* (1848), 21 *N. J. L.* 276, which was reaffirmed by the same court in 1889 in an elaborate opinion by Mr. Justice Knapp, in *Hawk* v. *Lepple,* 51 *Id.* 208.

The result is that the judgment under review will be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ. 13.