## BRIGHAM v. THRAILKILL.

### Opinion delivered December 8, 1924.

1. SALES—CONDITIONAL SALE—RIGHT OF VENDOR TO RETAKE.—Where a note for the purchase price of a sawmill retained title in the seller, with right to retake the sawmill with reasonable rental, if the seller deemed it in unsafety, and the purchaser leased it to another, who claimed title by purchase, and refused to pay the notes upon demand, *held* that the seller was entitled to retake the property.

2. SALES—CONDITIONAL SALE—RECOVERY OF RENTAL.—Where a seller of a sawmill retained title thereto, with the right to retake the property and recover a reasonable rental therefor upon conditions named, *held* that, upon the seller's exercising the right to retake the property, he was entitled to the rental only from the date of the demand for possession.

Appeal from Ouachita Circuit Court; *L. S. Britt,* Judge; reversed.

*R. K. Mason* and *McKay & Smith,* for appellant.

*Joe Joiner,* for appellee.

SMITH, J. On May 8, 1922, appellee Thrailkill sold a small sawmill to P. L. Merritt, and took three notes for the purchase money, due November 1, 1922, March 1, 1923, and November 15, 1923, respectively. The notes were for $375 each, and, together, represent the total net

purchase price, as no cash was paid. The notes are identical except as to date payable, and the note first maturing reads as follows:

"Title Note.

"$375.                                        May 8, 1922.

"Nov. 1, 1922, after date, we promise to pay to the order of S. D. Thrailkill three hundred seventy-five dollars, at Waldo, Arkansas, for value received, with interest · at the rate of 10 per cent. per annum from February 1, 1922, until paid.

"The machinery, boiler and engine, sawmill and edger and planer, together with accessories, for the use of which, to the maturity hereof, this note is given, is and shall remain the property and under the control of S. D. Thrailkill or assign, and for default of payment, or, if the said S. D. Thrailkill deems the said property in unsafety by removal or otherwise, it shall, on demand, be returned to S. D. Thrailkill or assign, in good order, and with *pro rata* pay for its use, which shall be a reasonable rent per month. It is now understood and agreed that S. D. Thrailkill owns this property absolutely, and the title remains in him until the notes are paid in full.

"(Signed)   P. L. MERRITT.

"Witness:   (Signed)   J. D. Churchwell."

After so purchasing the mill, Merritt, without ever having operated it, leased it to H. C. Brigham for a month and a half for a second-hand Ford truck delivered to Merritt as rental. Thrailkill was advised that Merritt had sold the mill, and he went to the premises where it was located, and found Brigham in possession, and was informed by Brigham that he had purchased it. Thrailkill advised Brigham that he himself was the owner, and that, if Brigham wished to keep the mill, he would have to pay at once the notes given him by Merritt. This conversation occurred on October 1, at which time the first of the notes to mature was not then due. Brigham promised to adjust the matter at once, but did not do so. On the 10th of October Thrailkill again demanded payment of the notes as the condition upon which Brigham

might use the mill, and, after waiting until the 16th of that month for payment, which was not made, he brought this suit, making both Merritt and Brigham parties defendant.

Thrailkill alleged in his complaint that the mill had been damaged by improper use, and he prayed judgment for this damage and for the rental value of the mill during the period of Brigham's possession, and caused the mill to be attached, together with the lumber on the mill yard which Brigham had sawed on the mill. There was testimony that Brigham had sold part of this lumber and had contracted to sell the remainder, and, upon a verdict being returned in favor of the plaintiff against the defendant Brigham, the court sustained the attachment.

It will be observed that the notes for the purchase money not only retained the title, but gave Thrailkill the right to retake the property if he deemed it in unsafety, by removal or otherwise, on demand, in which event the sale was to be annulled, and Merritt was to pay a reasonable rent per month for its use; and we think the jury was warranted in finding that the circumstances of the case authorized and justified Thrailkill in exercising this right.

Merritt made no defense to the suit, and judgment was rendered against him for the want of an answer, and the case went to the jury as a suit against Brigham.

Thrailkill testified as to the rental value of the property and the damage done to it by its improper use, and there was a verdict in his favor for $50, and judgment accordingly.

The instructions given at the request of Thrailkill permitted the jury to find the rental value of the mill during the time Brigham had been in possession of it, together with any damage caused by the negligent operation of the mill, if there was a finding in his favor. The testimony is conflicting both as to the rental value and the damages. Brigham also denied that any damage had been done to the mill.

The testimony on behalf of Thrailkill is ample to support the verdict returned, and we would affirm the judgment in his favor except for the fact that the instruction permitted the jury to find the rental value of the bill from the time that Brigham took possession of it; whereas the jury should only have been permitted to find the rental value against Brigham from the time demand was made on him for the surrender of the property. The sale by Thrailkill was a conditional one, which gave him the right, under certain conditions, to retake the property; but, until he had exercised this right, he had no authority to charge Merritt's lessee with the rent. Merritt had the right to dispose of the property subject to Thrailkill's right to retake; but, until Thrailkill had exercised this option, he had no right to charge Merritt's lessee with the rent. No recovery on account of rent should therefore have been permitted prior to October 1, the date on which demand for the surrender of possession was made.

For the error indicated the judgment is reversed, and the cause remanded for a new trial.