718

JENNIE MANCHEST, PLAINTIFF-RESPONDENT, v. LONG
ISLAND FINANCE CORPORATION, DEFENDANT-AP-
PELLANT.

Submitted January 27, 1933—Decided August 16, 1933.

Before Justices BODINE and DONGES.

For the defendant-appellant, *Nathaniel A. Jacoby* (*Emil
Stremlau*).

For the plaintiff-respondent, *Leo S. Lowenkopf.*

PER CURIAM.

This was an action in replevin. The jury returned a ver-
dict of $700 in favor of the plaintiff. Plaintiff's title was
predicated upon a purchase at a foreclosure sale. The car
was sold to the plaintiff's husband under a conditional bill
of sale. The chattel mortgage under which she purchased
was subsequent thereto. The conditional sales agreement was
recorded on April 19th, 1928, at eleven-twenty A. M., and
the chattel mortgage went on at two twenty-five P. M. the
same day. The car was sold March 31st, 1928, so that the
recordation occurred nineteen days after the sale.

Section 5 of the Uniform Conditional Sales act is as
follows: "Every provision in a conditional sale reserving
property in the seller, shall be void as to any purchaser
from or creditor of the buyer, who, without notice of such
provision, purchases the goods or acquires by attachment or
levy a lien upon them, before the contract or a copy thereof

shall be filed as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale." 2 *Cum. Supp. Comp. Stat., p.* 3130.

The trial court took the view that this section voided the conditional sales agreement as against a purchaser under the chattel mortgage. Not so. The chattel mortgagee neither purchased the car nor acquired by attachment or levy a lien lien thereon before the conditional sales agreement went on record. The conditional sales agreement was, therefore, not void as against the chattel mortgagee, and a purchaser at a foreclosure sale under that mortgage could acquire no greater rights than the chattel mortgagee had. The prior filing of the conditional sales agreement was notice. *Morey & Co.* v. *Schaad et al.,* 98 *N. J. L.* 799; 121 *Atl. Rep.* 622.

The proceeding in the United States District Court, in which it was found that the making of the chattel mortgage upon a conditionally sold car was a fraud which would bar a discharge, was not an adjudication which would debar the defendant from asserting its right to the car in suit under its duly recorded conditional sales agreement. The issues were obviously different.

The judgment is reversed.