George Starice, J.
Plaintiff sues in conversion for the wrongful disposal by the defendant of an automobile and also asks for punitive damages.
On May 2, 1953, Reed Brown and Andrew Hennigan, as copurchasers, purchased a 1949 automobile for $1,514.94 from a dealer under a conditional sales contract. The dealer assigned the contract to Allied Discount Company, Inc., who in turn assigned it to the plaintiff on May 4, 1953. The contract was filed in the Register’s office in Queens County on May 8, 1953, which is the residence of Brown, but was not filed in Nassau County, which is the residence of Hennigan. The assignment of the contract was not filed.
Brown registered the car in his own individual name and on May 9, 1953 purchased four tires from Liberty Tire Company and executed a chattel mortgage on the car, which mortgage was assigned to the defendant. On June 3, 1953, approximately 25 days later, the mortgage was filed only in the Queens County Register’s office. No assignment was filed.
On January 22, 1954, the defendant seized the automobile because of Brown’s default in payment of arrears of $56.32 on the chattel mortgage. The defendant held the car for two months until March 22, 1954, when the car was supposedly turned over to a Mr. Griner, an uncle of Reed Brown, by payment of $100 to cover the balance due on the mortgage plus the repossession expenses.
The main question in this case is: “ Did the defendant wrongfully dispose of the chattel!” If the answer is in the affirmative, *950 then the sole remaining question is whether plaintiff is entitled to punitive damages.
Although the conditional sales contract was not properly filed, since it was not also filed in Nassau County, there is most damaging evidence, tantamount to an admission, that the defendant had actual knowledge of plaintiff’s interest in the chattel prior to the defendant’s seizure on January 22,1954. This, much to the surprise of the defendant, turned up in the form of an entry on the defendant’s own records as follows: “12/22/53 — Bankers Trust Account — Co-maker Andrew Hennigan, 8 William Street, Glenhead. Must call Bankers Trust. Co-maker may have car or it may be at place of business.”
The defendant’s claim that it had no notice or knowledge of the plaintiff’s conditional sales contract is, therefore, gross sham. In addition, there was other evidence constituting notice to the defendant of the existence of plaintiff’s prior lien on the car at the time the tires were purchased and the chattel mortgage executed. This was a written statement by Brown on the credit application accompanying the chattel mortgage to the effect that Allied Discount Company (plaintiff’s assignor) was the finance company which financed the car.
Even in the absence of the aforesaid actual knowledge, the defendant has completely failed to sustain the burden imposed on it under section 65 of the Personal Property Law with respect to lack of notice. The basic rule laid down by this section is that “ A creditor or transferee claiming title to a chattel as against a conditional seller has the burden of proving that his title or interest Avas acquired AAithout notice of the unrecorded conditional sales contract ” (McLinden v. McLinden, 138 N. Y. S. 2d 407; General Motors Acceptance Corp. v. Barnett, 142 Misc. 192; American Soda Fountain Co. v. Najarian, 119 Misc. 219; Berner v. Kaye, 14 Misc. 1). The defendant has even failed to establish lack of notice on the part of its assignor (Eager on Chattel Mortgages and Conditional Sales, p. 629; American Soda Fountain Co. v. Najarian, supra; Berner v. Kaye, supra; Kommel v. Herb-Gner Constr. Co., 228 App. Div. 96, revd. on other grounds 256 N. Y. 333; Stevenson Brewing Co. v. Iba, 155 N. Y. 224).
On January 22, 1954, the date of seizure of the car by the defendant, the plaintiff here Avas entitled to possession of the chattel by reason of Brown’s prior default under the conditional sales contract and therefore the plaintiff has a right to bring this action (Eager on Chattel Mortgages and Conditional Sales, p. 559; Klein v. Cohen, 142 App. Div. 500; Credit Acceptance Corp. v. Fohl, 251 App. Div. 796; Koming Tire Co. v. Uni *951 versal Credit Co., 258 App. Div. 774; Iden v. Sommers, 18 N. Y. S. 189, affd. 18 N. Y. S. 779; Guillaume v. Hamburgh & Amer. Packet Co., 42 N. Y. 212; Hobart Elec. Mfg. v. Rooder, 121 N. Y. S. 274).
Defendant’s contention that an assignment must be filed is untenable. There is no requirement in law that an assignment must be filed in order for it to be effective as against a party such as this defendant (Eager on Chattel Mortgages and Conditional Sales, supp., § 395). It appears, however, that from a practical viewpoint it is advisable and safer practice to file an assignment.
The testimony of the defendant’s witness Mr. Lerner is totally incredible and unworthy of belief. His explanations were contradictory, conflicting and wholly unsatisfactory. The defendant’s story that it turned the car over to Mr. Griner is rejected by the court as being unbelievable. The defendant did not even produce an authorization by Brown and admitted it made no attempt to obtain a receipt for the car from Griner. The defendant further admitted it never informed the plaintiff of the seizure of the automobile, or of the disposition thereof, although it was fully aware of plaintiff’s prior lien.
There is no need for the court to pass on the question as to whether the filing of the defendant’s chattel mortgage was timely. It appears that this may be a late filing under section 230 of the Lien Law (American Trust Co. v. New York Credit Men’s Adj. Bur., 207 F. 2d 685; Karst v. Cane, 136 N. Y. 316, 324; Tooker v. Siegel-Cooper Co., 194 N. Y. 442; Skilton v. Codington, 185 N. Y. 80; Matter of Monarch Sales Co. v. Vollmer, 188 Misc. 281).
Accordingly, since plaintiff’s unrecorded lien is superior to defendant’s subsequent mortgage and in view of the misdelivery and evident disappearance of the vehicle into thin air, I find that this constitutes a conversion of the chattel and I therefore adjudge that plaintiff is entitled to judgment against the defendant in the sum of $815, the value of the chattel on the date of the conversion, together with interest from March 22, 1954.
The court also finds that the actions and conduct of the defendant in wrongfully disposing of the car were willfully and wantonly reckless and in complete disregard of the rights of others. The manner in which the defendant allegedly released this car is reprehensible and deserves the severest criticism of this court. In fact, the conduct and procedure of the defendant as manifested in this case is so outrageously irresponsible and repugnant to the rights of the public with which it deals as to justify the imposition of punitive damages. Consequently, I *952 hereby grant judgment in fayor of the plaintiff against the defendant in the sum of $400 as punitive damages (Polykranas v. Krausz, 73 App. Div. 583; Milwaukee & St. Paul Ry. Co. v. Arms, 91 U. S. 489; Bowers on Conversion, § 697; Downing v. Outerbridge, 79 F. 931; Wilde v. Hexter, 50 Barb. 448; American Jurisprudence, Damages, § 273; Restatement, Torts, § 908).