Matter of **AMERICAN TEXTILE PRINT-ERS CO., Inc., Bankrupt.**

No. 674–56.

United States District Court
D. New Jersey.

June 18, 1957.

Evans, Hand & Evans, by William Tulenko, Paterson, N. J., for American Textile Processing Co., Inc.

Isadore B. Miller, Paterson, N. J., for trustee.

HARTSHORNE, District Judge.

The Trustee in Bankruptcy petitions for this Court's review of the Referee's order entered February 21, 1957, which

(1) dismissed the Trustee's application to set aside a previous order of the Referee of February 8, 1957, which declared valid a conditional sale contract covering specified motor vehicles. The same order (2) denied a confirmation of the sale of said vehicles, the sale being based upon the validity of the above conditional sale, since the total bids were less than the amount due the conditional sales vendor.

■■■ The review first asked is thus of a dismissal of an application for rehearing. This dismissal amounted to the denial of a petition for rehearing. No appeal lies from such an order. In Pfister v. Northern Illinois Finance Corp., 1942, 317 U.S. 144, 149, 63 S.Ct. 133, 137, 87 L.Ed. 146, the Supreme Court held "An appeal does not lie from the denial of a petition for rehearing." As to the second part of the above order, clearly same was not erroneous, unless the bids received in fact substantially exceeded the amount of the liens. This condition can only arise, if the conditional sale already held valid by the Referee's previous order of February 8, 1957, is reversed. Since this order still stands, the petition to review the second part of the order of February 21, 1957, will be dismissed.

■■■ This holding of February 8th, that the conditional sale was valid, was an appealable order, but only for ten days. Bankruptcy Act, § 39, sub. c, 11 U.S.C.A. § 67, sub. c. Thus any future appeal therefrom will be out of time. However, in Pfister, the Court held that this ten-day limitation was not jurisdictional, and that this Court might allow an-out-of-time appeal within its discretion. But the Trustee presently makes no application to this Court to exercise its discretion in that regard.

Nevertheless, to avoid delay and circuity of action should he make such application in the future, the Court would advise now that it is doubtful whether it would succeed. The facts here are, that on December 12, 1955, the vehicles in question were sold on conditional sale to the bankrupt. The certificates of ownership were not issued to the bankrupt

thereon till March 21, 1956, when the proper notation of such sale was placed upon the title papers with the State Division of Motor Vehicles, as required by the statutes, N.J.S.A. 46:32–13, N.J.S.A. 39:10–14. Thereafter, November 21, 1956, bankruptcy ensued.

■■■ Since the conditional sales contract was filed as to these vehicles, as required, prior to the time bankruptcy ensued, at which time the Trustee obtained the rights of the ideal hypothetical creditor with a lien (Section 70, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c), the question is simply whether such filing after the statutory ten days, but before the bankruptcy, gives the conditional sales vendor priority over the Trustee. "Whether a trustee is entitled to such a status [of the ideal hypothetical creditor] and the conditions under which he may obtain it, are federal questions covered by the Bankruptcy Act, but the extent of the trustee's rights, remedies and powers as a lien creditor, are measured by the substantive law of the jurisdiction governing the property in question—that is in this case the law of the State of" New Jersey. In re Wright Industries, D.C. N.D.Ohio E.D.1950, 93 F.Supp. 58, 62.

The New Jersey statute affecting creditors and the ten-day filing reads:

"Every provision in a conditional sale reserving property in the seller, shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as provided in this chapter, unless such contract or copy is so filed within ten days after the making of the conditional sale." N. J.S.A. 46:32–11.

In Morey & Co. v. Schaad, E. & A.1923, 98 N.J.L. 799, 121 A. 622, the Court held that, since the purpose of the filing provisions of the Uniform Conditional Sales Act was simply to give creditors notice, actual or constructive, such a filing after the ten days was nevertheless notice to a

subsequently attaching creditor. This ruling was substantially applied under the Bankruptcy Act to uphold the validity of a conditional sale. In re Press Printers & Publishers, 3 Cir., 1926, 12 F.2d 660.

The decisions of Constance v. Harvey, 2 Cir., 1954, 215 F.2d 571, certiorari denied, 1955, 348 U.S. 913, 75 S.Ct. 294, 99 L.Ed. 716, and Conti v. Volper, D.C.E.D. N.Y.1955, 132 F.Supp. 205, affirmed 2 Cir., 1956, 229 F.2d 317, relied on by the Trustee, are not to the contrary. They construe the provisions of the New York, not New Jersey, statute, as to a chattel mortgage, not a conditional sale, and apply the policy of the New York, not the New Jersey, courts.

The petition for review will be dismissed, and an order may be entered accordingly.