LOUIS E. LINDQVIST, Eveready Taxies, Plaintiff

v.

DENNIS DONOVAN, Defendant

Civil No. 81-1957

District Court of the Virgin Islands

Div. of St. Thomas and St. John

April 19, 1958

*See, also, 160 F. Supp. 766*

Cox and Bornn, St. Thomas, Virgin Islands, *for plaintiff*

Leon P. Miller, Esq., United States Attorney, *for Otis L. Felix, Acting Sheriff, interpleading petitioner*

Alphonzo A. Christian, Esq., *for Margaret B. Creque, Administratrix of the Estate of Henry O. Creque, interpleading petitioner*

STALEY, *Circuit Judge*

This sheriff's interpleader action seeks to test the right to a fund derived from the execution sale of an automobile, the title to which is disputed. Both the plaintiff in this action and the Estate of Henry O. Creque as interpleading petitioner have filed motions for summary judgment.

Plaintiff recovered default judgment against defendant on July 9, 1957, in the amount of $648.87, based upon a debt contracted on March 30, 1955. This original action was begun by attachment of two automobiles. One of the automobiles was a Chevrolet convertible and is the subject of this dispute. Under an unrecorded conditional sales agreement the Chevrolet was sold on January 28, 1957, by impleading petitioner's decedent, Henry O. Creque, to the defendant in this case. Upon default by defendant in his monthly payments and in accordance with the terms of the conditional sales contract, Creque repossessed the Chevrolet and kept it in his garage. Apparently relying on defendant's registration recorded in the office of the traffic bureau, the sheriff attached the automobile in the garage of the conditional vendor pursuant to execution issued on the plaintiff's judgment against the conditional vendee. The vehicle was taken from the garage by the sheriff over the protest of the conditional vendor. The administratrix of the estate of the vendor made a written request of the sheriff that the automobile not be sold under plaintiff's execution, but rather be delivered over to the estate of the conditional vendor. Upon petition of the sheriff, an interpleader issue was framed to try title to the car as between plaintiff and the estate of the conditional vendor. By stipulation of the parties, the car was sold and the fund was substituted for it.

The parties have stipulated to the fact that the repossession of the automobile by the conditional vendor

occurred before the attachment and that the attachment was made while the automobile was still in the vendor's possession. The issue is thus narrowed to a question of whether a creditor of a vendee under an unrecorded conditional sales contract may attach the chattel sold after it has been lawfully repossessed by the vendor pursuant to the terms of the contract. We think it is clear that he cannot.

■■■ All of the events here occurred before the effective date of the present (Virgin Islands) Code. If any statutory enactments were relevant here, the Code of 1921 would apply. However, we are of the opinion that the recordation provisions of the 1921 Code have no applicability here, even if they were intended to require the recording of conditional sales contracts. Recordation requirements are intended to protect those who deal with the vendee *subsequent* to the execution of the contract, and not those who, as plaintiff here did, extend credit before the conditional sales agreement was signed. With or without recordation, even where it is required, the contract is valid as between the parties to it. Schmidt v. Bader, 1925, 284 Pa. 41, 130 Atl. 259.

It is the rule of the majority of the states that even an innocent purchaser or creditor of the vendee cannot prevail against the title of the conditional vendor. 47 Am. Jur., Sales, §§ 851, 878 (1943). And even in those states holding that an unrecorded conditional sales agreement is constructive fraud on the vendee's creditors, this rule obtains only where the vendee is in possession of the chattel. In this case, however, the conditional vendor repossessed the automobile before the sheriff's attachment. Upon repossession, whatever rights the vendee might have had in the automobile were gone. After it was repossessed, title vested exclusively in the conditional vendor and was not subject to attachment by creditors of the vendee. In

Hineman v. Matthews, 1890, 138 Pa. 204, 20 Atl. 843, 10 L.R.A. 233, it was held that property repossessed by a conditional vendor after the purchaser's default was not subject to levy by a creditor of the buyer. And the same rule controlled the decision of the court in Durr v. Replogle, 1895, 167 Pa. 347, 31 Atl. 645. Speaking of the period of time prior to the repossession by the conditional vendor, the court said:

". . . Nor at the time had the rights of any other party attached. The first execution of the (creditor of the vendee) in this issue was not delivered to the sheriff until a subsequent hour in the day, so that the goods were out of the possession of the defendants in that execution, and their rights therein terminated, before the execution had a chance to obtain a lien thereon."

Referring to the conditional vendees, the Court said further:

". . . They had, at the best, but a defeasible title, liable to be overturned upon a breach of the conditions upon which they had obtained it; and, by the action of (the repossessing vendor) before anyone had called the matter in question, the property was retaken, and whatever previous right of ownership in it there had been was cut off."

To the same effect, see Ladley v. United States Express Co., 1896, 3 Pa. Super. 149, 1929, 61 A.L.R. 781, 788.

■ Plaintiff here urges that the action of the conditional vendor estops the estate from making any claim to the automobile. Whatever implied representation the vendor might have made by not recording the agreement could not have affected plaintiff to his detriment. Plaintiff extended credit to defendant-vendee before the execution of the conditional sales agreement. Further, attachment was made after the automobile was repossessed by vendor and in his garage. Under these circumstances, plaintiff could not reasonably have relied on the title of defendant-vendee.

We hold that when the automobile in question was attached, it was the exclusive property of the decedent of the impleading petitioner, and his title could in no way be affected by attachment of the creditor of the conditional buyer.

The foregoing discussion shall constitute findings of fact and conclusions of law.

### Order

Now, this 16th day of April, 1958, the motion of plaintiff, Louis E. Lindqvist, doing business as Eveready Taxies, for summary judgment pursuant to Rule 52 of the Federal Rules of Civil Procedure, is hereby denied; the motion of the interpleading petitioner, Margaret B. Creque, Administratrix of the Estate of Henry O. Creque, for summary judgment pursuant to Rule 52 of the Federal Rules of Civil Procedure is granted. It is accordingly ordered that the judgment be, and it hereby is, entered in favor of said impleading petitioner.