BARNEY E. SACHS, Plaintiff

v.

MARGHERITTA C. SACHS, Defendant

Civil No. 93 - 1957

District Court of the Virgin Islands

Div. of St. Thomas and St. John

June 21, 1958

*See, also, 163 F. Supp. 434*

COX AND BORNN, Charlotte Amalie, Virgin Islands, *for petitioner*

DUDLEY, HOFFMAN AND McGOWAN, Charlotte Amalie, Virgin Islands, *for defendant*

MARIS, *Circuit Judge*

The Worcester County Trust Company of Worcester, Massachusetts, filed a petition in the above entitled divorce action on January 27, 1958 in which it asks for an order directing the marshal to stay the execution sale of an

automobile, upon which the defendant, Margheritta C. Sachs, caused the marshal to levy on January 20, 1958 to satisfy a money judgment entered in her favor by this court in the action, and to order the release of the automobile to the petitioner. Counsel for the petitioner and the defendant have stipulated the facts which I find, as follows:

The plaintiff in the action, Barney E. Sachs, purchased a new, Model 2434, 1957 Chevrolet Convertible automobile from Butler Chevrolet, Inc., 731 Main Street, Worcester, Massachusetts, on February 26, 1957 under a conditional sales contract whereby vendor retained title to said vehicle until the full purchase price of $3,668 plus $304.50 service charges, together a total of $3,972.50 was paid. This contract was assigned on March 5, 1957 to Worcester County Trust Company, the petitioner herein.

The plaintiff was allowed credit of $1,562 on account of said purchase by trading in a 1957 Oldsmobile automobile owned by him and he agreed to pay the sum of $80.35 in 30 monthly installments, commencing March 26, 1957.

The plaintiff paid six installments to August 26, 1957, or a total sum of $481.75 on the contract, leaving a balance due of $1928.75 as of August 27, 1957.

The plaintiff left Massachusetts and arrived in St. Thomas, Virgin Islands, on April 1, 1957, and thereafter commenced the above entitled divorce action in this court on May 14, 1957.

On August 7, 1957, plaintiff registered said motor vehicle in the Virgin Islands in his own name and obtained license No. T-2114.

On November 4, 1957, the defendant, Margheritta C. Sachs, obtained judgment in the above entitled action against the plaintiff in the sum of $5,283.

On November 7, 1957, the defendant filed a notice of

lien on the said motor vehicle with the Commissioner of Public Safety and the Tropical Motors, custodian of the motor vehicle.

By letter dated November 7, 1957, the petitioner notified this court that the petitioner was owner of said motor vehicle, pursuant to the provisions of the conditional sales contract of February 26, 1957.

Prior to November 7, 1957, the petitioner had no knowledge of the whereabouts of the plaintiff or of the said motor vehicle. The petitioner was not put on notice of the plaintiff's default until the plaintiff's failure to pay the September installment due September 26, 1957.

Pursuant to the defendant's levy on the said motor vehicle for the satisfaction of the judgment aforesaid, the marshal by notice dated January 21, 1958 advertised the said motor vehicle for sale on February 1, 1958.

In addition I find that, under the terms of the conditional sales contract, title to the vehicle was to remain in the Seller and its assigns until all sums due by the plaintiff thereunder should be paid; that the vehicle should be garaged at the plaintiff's address, 845 Main Street, Worcester, Massachusetts; that a default on the part of the plaintiff under the contract should exist if he should, inter alia, fail to pay any part of the purchase price when due, or remove the vehicle from the county where he then resided; and that upon default by the plaintiff the entire unpaid balance of the purchase price should at the option of the Seller or its assigns become immediately payable and the plaintiff would upon demand deliver the vehicle to the Seller or its assigns.

The defendant argues that under the law of the Virgin Islands the lien of her levy upon the automobile has priority over the reserved title of the petitioner. For this proposition she relies upon 11 V.I.C. § 645 which provides:

"§ 645. Conditional sales, void as to certain persons

"Every provision in a conditional sale reserving property in the seller, shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them before the contract or a copy thereof shall be filed as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale."

The petitioner, on the other hand, contends that since the automobile was removed from Massachusetts by the plaintiff without the petitioner's knowledge or consent in violation of the conditional sales contract, 11 V.I.C. § 653 controls this case. That section provides:

"§ 653. Refiling on removal

"When, prior to the performance of the condition, the goods are removed by the buyer from a filing division in this territory to another filing division in this territory in which such contract or copy thereof is not filed, or are removed from another State into a filing division in this territory where such contract is not filed, the reservation of the property in the seller shall be void as to the purchasers and creditors described in section 645 of this title, unless the conditional sale contract or a copy thereof shall be filed in the filing division to which the goods are removed, within ten days after the seller has received notice of the filing division to which the goods have been removed. The provisions of section 650 of this title regarding the duration of the validity of the filing and the necessity for refiling shall apply to contracts or copies which are filed in a filing division other than that where the goods are originally kept for use by the buyer after the sale."

And the petitioner further contends that, since immediately upon obtaining knowledge of the location of the automobile in St. Thomas, notice was given to the defendant through notification to the clerk of the district court, it had fully complied with the requirements of the law.

■ ■ I think that the petitioner is right in its contentions and that its petition must be granted. Under

the law of Massachusetts, where the contract here involved was made and the automobile was located at that time, the title of the petitioner, as assignee of the conditional vendor, to the automobile was valid against creditors of and bona fide purchasers from the plaintiff, the conditional vendee. Lynn Morris Plan Co. v. Gordon, 1925, 251 Mass. 323, 146 N.E. 685; Restatement, Conflict of Laws, § 272; 47 Am. Jur. Sales § 851. See Lindqvist v. Donovan, D.C.V.I. 1958 (3 V.I. 295), 160 F. Supp. 766, 767. When the plaintiff brought the automobile to the Virgin Islands the valid title which the petitioner had under Massachusetts law continued to be recognized by our law. Restatement, Conflict of Laws, § 273. It is true that the petitioner's rights then became subject to the provision of the Uniform Conditional Sales Act, 11 V.I.C. § 653, above quoted, that its reservation of title would become void as to a creditor of the plaintiff *without notice of the reservation* unless the contract was filed in the office of the recorder of deeds for the division of St. Thomas and St. John within 10 days after the petitioner received notice that the automobile had been removed to St. Thomas.

■ The fact is, however, that on the very day, November 7, 1957, on which the petitioner learned that the automobile in question had been removed by the plaintiff to St. Thomas it gave notice to the defendant through the clerk of this court of its ownership of the vehicle. Thus actual notice was brought home to the defendant during the 10 days period fixed by § 653 and the filing of the contract in the recorder's office became unnecessary, so far as the defendant was concerned. Morey & Co. v. Schaad, 1923, 98 N.J.L. 799, 121 Atl. 622. Accordingly when the marshal attached the automobile on January 20, 1958, pursuant to the writ of execution which had been directed to him at the instance of the defendant

the legal position of purchaser in good faith and for a valuable consideration which the defendant thereby acquired under 5 V.I.C. § 257(a) was subject to the existing property right of the petitioner in the automobile of which the defendant then had actual notice. It is true that the plaintiff's interest, if any, under the conditional sale contract was subject to levy at the instance of his judgment creditor. Jones & Co. v. Unruh, 1935, 37 Del. 241, 182 Atl. 211. But the plaintiff was in default in his payments under the contract and the petitioner was entitled for that reason under the express terms of the contract to repossess the automobile. It would accordingly appear under the terms of the conditional sale contract that the defendant's only possible present interest is in the excess, if any, of the net proceeds of the sale of the automobile by the petitioner in the future over the balance due by the plaintiff on the purchase price. This possible interest might be the subject of garnishment in the future but is not involved in the present proceeding and I do not pass on that question.

An order will be entered quashing the attachment by the marshal and directing him to deliver the attached automobile to the petitioner.

