HARRY T. SISSON and Another, a Copartnership Doing Business under the Firm Name and Style of J. B. SISSON's SONS, Respondents, *v.* THE FIRST NATIONAL BANK OF HAMDEN and Another, Appellants.

Third Department, November 25, 1931.

*Arthur F. Curtis*, for the appellants.

*A. Lindsay O'Connor*, for the respondents.

WHITMYER, J. The action was brought to recover damages in the sum of $800, for the conversion of seven cows, sold by the defendant Austin, as sheriff of Delaware county, under an execution issued upon a judgment of confession obtained by the defendant bank against one Ira McIntosh.

The facts are, practically, without dispute.

Plaintiffs are auctioneers and sold the cows for the original owners in three lots, two of four each and one of three. They had sold eleven and seven were left.

McIntosh purchased all and gave notes on each sale, made by himself, with his wife as indorser. The several notes were made payable to his wife at a bank, and each one recited that it was given " for the conditional sale " of the cows, for the payment of which it was given, and that it was given " on condition that the title and ownership of said cows [giving the number] to be and remain with J. B. Sisson's Sons until this note, or any other note, is paid in full."

The court found that plaintiffs financed the sales, paid the total amount of the purchase price thereof, less their commissions, and thus became and still are the owners of the notes.

The court found, also, that none of the notes were ever filed.

The several lots were sold at public auction at different times.

The several notes were given in connection with the several sales, were made out on the several days of sale, taken home by McIntosh for indorsement by his wife and then mailed back to plaintiffs.

The evidence does not show, but it is apparent, that plaintiffs paid the original owners. The notes were evidence of ownership in plaintiffs. They were not strangers to the several transactions. There is support for the finding that plaintiffs sold as owners.

The second, seventh and tenth findings of fact should be modified by striking out the words " as auctioneers " and also the names of the owners for whom the several sales were made.

And the twelfth finding should be modified by striking out the words " financed the sale of said cows."

It is claimed that the transactions were chattel mortgages and not conditional sales. The notes given are set forth in the record.

Each shows on its face that it was given for a " conditional sale," and that title and ownership were to be and remain in plaintiffs until payment.

The parties regarded the transactions as conditional sales and so determined. (*Nordone* v. *Austin Drainage Excavator Co.*, 184 App. Div. 309, 310; *Powers* v. *Burdick*, 126 id. 179.)

Moreover, defendants had actual knowledge of the situation on

October 10, 1929, when the levy was made under the execution issued on the judgment by confession obtained from McIntosh on that day by the bank.

The cows belonging to plaintiffs were pointed out to them and defendants were informed about the claims of plaintiffs and were forbidden to take the cows. (Pers. Prop. Law, § 64; 11 C. J. 460; *Tompkins* v. *Fonda Glove Lining Co.*, 188 N. Y. 261.)

Examination of the records at the town clerk's office could not avail defendants in the face of the actual knowledge obtained by the inquiries made by them and the information obtained by them at the time of the taking.

The cows were sold at the sheriff's sale for $410.50, and the judgment is for that amount.

The judgment should be affirmed.

All concur.

Judgment affirmed, with costs.

The second, seventh and tenth findings of fact are modified by striking out the words " as auctioneers " and also the names of the owners for whom the several sales were made. And the twelfth finding of fact is modified by striking out the words " financed the sale of said cows."