HARRY GREENBERG et al., Individually and as Copartners Doing Business as CENTURY HOTEL Co., Judgment Creditors, *v.* ROGERS RESTAURANT CORP., Judgment Debtor. LOUIS I. BROOKS, Claimant.

HARRY GREENBERG et al., Individually and as Copartners Doing Business as CENTURY HOTEL Co., Judgment Creditors, *v.* ROGERS RESTAURANT CORP., Judgment Debtor. BARTH EQUIPMENT COMPANY, INC., Claimant.

Supreme Court, Special Term, Nassau County, November 23, 1949.

*William Auerbach* for judgment creditors.

*Clifford Odwak* for judgment· debtor and Louis I. Brooks, claimant.

*Bernard Friedman* for Barth Equipment Company, Inc., claimant.

*Marcus G. Christ, County Attorney* (*Edwin Lynde* of counsel), for Sheriff of Nassau County.

HILL, J. The above two motions were brought to determine title to personal property. On November 9, 1949, by memorandum decision, each motion was set down for the taking of testimony. Pursuant to such direction, testimony was taken on November 21, 1949, before this court and the actions were consolidated for the purpose of such hearing only. Judgments were recovered in each action in the Supreme Court in New York County and transcripts filed in Nassau County; executions were delivered to the Sheriff of Nassau County on which a levy was made and a sale had.

Louis I. Brooks and Barth Equipment Company, Inc., each served a notice on the Sheriff claiming title to certain of the personal property levied on.

Barth claims title by reason of a conditional sales contract filed in the Town Clerk's Office of Rye, New York, on December 14, 1948, *the residence of Louis I. Brooks to whom the goods were sold and through whom title was acquired after default in the payments due thereon.* The goods covered by the conditional sales contract were delivered to the Rogers Restaurant in Nassau County in the first instance, where they have **remained.**

Brooks claims title to other personal property, alleging that he purchased the tables and chairs and loaned them to Rogers Restaurant for its use.

Greenberg claims that title to the property covered by the conditional sales contract is not in Barth but in the restaurant or, on the other hand, that Barth should be estopped from asserting title because to do so would be a fraud on creditors. In my judgment, this position is not well taken. The proof is conclusive that the Barth Equipment Company, Inc., acted in good faith in selling the goods and complied with the statute in filing its lien. (See Personal Property Law, § 66.) It may be, as the judgment creditors claim, that this law creates a hardship where, as here, the goods were delivered to a place other than the purchaser's residence. Plaintiffs' complaint should be made to the Legislature and not to the courts.

The claim of Brooks is somewhat different. He is financially interested in the restaurant and he is also financially interested in the corporation from whom the restaurant leases the real property. The affairs of the two corporations and the personal affairs of Brooks are so related that it would be impossible to separate them. Since the tables and chairs were delivered to the restaurant, Brooks has received sums of money in excess of their value from the Rogers Restaurant Corp. which he claims was for money long past due. It is not even suggested that the judgment creditors had any knowledge of the arrangements between the corporations and the individual. Under the facts here presented, Brooks should be estopped from asserting his claim to title. (See *Small* v. *Housman*, 208 N. Y. 115, 123: '' The question of estoppel is one of ethics and is to be enforced where in good conscience and honest dealing it ought to be.'')

It follows, therefore, that the title to the property set forth in the schedule in the first motion belongs to the Rogers Restaurant Corp. and that the title to the schedule of property set forth in the second motion belongs to the Barth Equipment Company, Inc.

Settle orders on notice.