JAMES H. GRAY MILLING Co. INC., Plaintiff, *v.* ERNEST DANKERT, Defendant.

County Court, Cattaraugus County, July 14, 1950.

*Torrance Brooks* for plaintiff.

*Andrew J. Musacchio* for defendant.

NEVINS, J.   On May 28, 1947, Gerald Boardman and Elinor Boardman his wife purchased a milking machine from D. D. Waters under a conditional sales contract to which was attached a promissory note.   The contract was filed on the 2d day of June, 1947, in the town clerk's office of the town of New Albion. On December 15, 1947, Gerald and Elinor Boardman moved from the town of New Albion, where they had previously resided, to the town of Mansfield in this county.

On December 24, 1947, Gerald and Elinor Boardman gave a chattel mortgage, covering the same milking machine upon which D. D. Waters had the conditional sales contract, to Ernest Dankert.   On December 27, 1947, this chattel mortgage was filed in the town clerk's office of the town of Mansfield where Gerald and Elinor Boardman then resided.   On January 25, 1948, Ernest Dankert took possession of the milking machine because of a default in payments due under the chattel mortgage given December 24, 1947.

On March 12, 1948, James H. Gray Milling Co., Inc., received by assignment from the State Bank of Randolph the conditional sales contract previously given by Gerald Boardman and Elinor Boardman to D. D. Waters, and which had been assigned by Waters to the State Bank of Randolph.

On March 13, 1948, the plaintiff in this action first demanded the return of the milking machine from Ernest Dankert, and, after various conferences the defendant finally and definitely on or about the 30th day of March, 1948, refused to give up possession.

These facts are established through the complaint, demand to admit facts and the answer.   The defendant claims his pos-

session under his chattel mortgage of December 24, 1947, is valid as against the claim of possession of the plaintiff under the conditional sales contract of May 28, 1947.

If the buyer removes the property sold from one filing district to another for a longer period than thirty days, he must, not less than ten days before such removal, give the seller written notice of the place to which the property is to be removed. (Personal Property Law, § 73.)

This is to enable the seller to file a conditional sales contract in the new filing district to which the property is to be removed. (Personal Property Law, § 74.) Unless the seller does so he will lose the right to the property as against subsequent purchasers or mortgagees from the buyer in the new district.

In this case, the buyer neglected to give the notice of removal to the seller. He not only incurred a penalty but gave the seller the right to retake possession of the property and deal with it as if a default in payment had been made. It is admitted in this case that the seller or his successor in title, the plaintiff in this case, had no notice of the removal of the property.

The Court of Appeals in *Goetschius* v. *Brightman* (245 N. Y. 186) said at page 194: '' At common law in this State  *  *  * the title of a seller under a contract of conditional sale could be enforced against all the world. For the protection of subsequent purchasers the Legislature has enacted that conditions or reservations in such a contract are void against subsequent purchasers unless the contract is filed. Common-law rights still exist here except as modified by the statute.''

The conditional sales contract dated May 28, 1947, given to D. D. Waters was, pursuant to section 66 of the Personal Property Law, filed in the office of the town clerk in which buyer resided. That is all that was required under our statute law to enforce the conditional sales contract against the world. Clearly, the plaintiff is entitled to summary judgment.

Present order accordingly.