David Kusnetz, J.
Application by a judgment creditor for an order determining title to certain personal property levied upon by the Sheriff of Suffolk County (Civ. Prac. Act, § 696).
On May 28,1958, petitioner caused an execution to be issued to the Sheriff of Suffolk County, directing him to levy upon the property of the respondent Hall. Some of the property subsequently levied upon was claimed by the respondent Lowell by virtue of a reservation of title in a conditional sales contract. Bather than furnish the indemnity requested by the Sheriff, petitioner has begun this proceeding to determine title to said property.
Petitioner claims that the attempted reservation of title by Lowell was ineffectual and void because the conditional sales contract was filed in the office of the Town Clerk of the Town of Huntington where the buyers had their place of business rather than in the Town of Babylon where they resided. It is true that the conditional sales contract must be filed with the City or Town Clerk of the place where the buyer resides (Personal Property Law, § 66). Even an unrecorded contract, however, has validity against the buyer and against anyone having actual notice of its existence before acquiring his rights. (Silver & Co. v. Cafe Charing, 264 App. Div. 790; Sisson v. First Nat. Bank of Hamden, 233 App. Div. 506.)
Bespondent Lowell also had obtained a judgment against Hall upon which execution was issued on May 29, 1958. On June 3, 1958, the Sheriff’s office advised Lowell’s attorney that they had received a prior execution from the petitioner. On that same day Lowell’s attorney telephoned petitioner’s attorney and advised him that Lowell had sold the equipment to Hall under a condi *562 tional sales agreement, reserving title, and that because of Hall’s default Lowell was entitled to possession and his claim was prior to petitioner’s.
On June 4, 1958, Lowell’s attorney again telephoned the Sheriff’s office and was told that a levy would be made on June 5, 1958. The levy was not made until the afternoon of June 6, 1958. These facts are corroborated, in part, by a lieutenant in the Sheriff’s office and are not denied in the reply affidavit submitted by petitioner’s attorney. There can be no doubt, therefore, that petitioner’s attorney, acting as its agent in this matter especially in respect to the execution which was issued by him, had personal knowledge of the existence of Lowell’s conditional sales contract on June 3, 1958, three days before the levy was made.
Section 65 of the Personal Property Law provides that the reservation of property in a conditional sale is void as to a purchaser from or creditor of the buyer who, without notice of such provision, purchases the goods or acquires a lien upon them by attachment or levy. It has been held that it is the actual levy rather than the issuance of an execution which is the crucial date in respect to this section. (Baker v. Hull, 250 N. Y. 484.) In the instant case, before petitioner acquired his lien by the levy of June 6, 1958, he had received notice through his attorney on June 3, 1958, of the existence of the conditional sales contract. It follows that the conditional sales contract, even though unfiled, was not invalid as to the petitioner and that title to the goods remained in the respondent Lowell. (Sisson v. First Nat. Bank of Hamden, 233 App. Div. 506, supra.)
Petitioner further argues, however, that section 688 of the Civil Practice Act gives the Sheriff the right to sell personal property which is the subject of a conditional sales contract. That section authorizes the Sheriff to sell the interest of the judgment debtor in such property. The judgment debtor’s interest, however, after a default, consists of an intangible right to redeem the property or to have it sold by the judgment creditor upon due notice, etc. It does not change the fact that title to the property is still in the conditional vendor.
Under the circumstances, the court finds that title to the property sold by the respondent Lowell to the judgment debtor under the conditional sales contract remained in the respondent Lowell, and he is entitled to the return of said property from the Sheriff.
Settle order.