Arthur A. Klotz, J.
This case was tried before the court without a jury.
The plaintiff instituted this action for conversion of a 1958 Mercury automobile. The facts are basically undisputed.
On January 10,1958, Charley Jackson bought a Mercury automobile under a retail installment contract from Russell B. Lowell, Inc. On January 15, 1958, a copy of said contract was duly filed in the Register’s office, Queens County. The contract was assigned to the plaintiff.
*1098 Thereafter on September 25,1959, Jackson sold the automobile to Edward Keeler. Both Jackson and Keeler signed a transfer agreement which was on plaintiff’s printed form. The plaintiff recognized Keeler as the transferee of said automobile and accepted payments from him under the retail installment contract.
The defendant, Sehlossman’s, Inc., recovered judgment against Keeler on July 7,1959, in the sum of $290.40. Execution was issued to City Marshal Thompson. The marshal levied on the automobile on June 1,1960. Thereafter, the car was sold at a public auction to defendant St. Nance Equity Corporation.
The main defense is that the plaintiff was under a duty to file the transfer agreement, which it is claimed constituted a new conditional sales contract. It is conceded by plaintiff that the said transfer agreement was never filed.
The common law of this State is that the title of a seller under a contract of conditional sale could be enforced against all the world. In order to protect subsequent purchasers and creditors of the buyer, the Legislature enacted that conditions or reservations in a conditional sales contract are void against subsequent purchasers and creditors of the buyer unless the contract is filed within 10 days after the making of the conditional sale (see Personal Property Law, § 65). The law is quite clear that common-law rights still exist except as modified by the statute (see Goetschius v. Brightman, 245 N. Y. 186,194).
The defendants have failed to show any relevant section of the Personal Property Law, or any other law, which required the plaintiff to file the transfer contract.
The defendants argue that section 73 of the Personal Property Law requires the buyer to give notice to the seller of removal of the goods under a conditional sales contract to another filing-district or residence and also to give notice to the seller of a sale of the buyer’s interest in the goods. The defendants then refer to section 74 of the Personal Property Law in which it is provided that after the seller receives notice of removal of the goods or change of buyer’s residence, he must refile the contract in the district where the goods are removed or where the buyer has a new residence. It is conceded that the automobile in issue remained in Queens County and that both Jackson and Keeler were residents of Queens County. However, the defendants claim that sections 73 and 74 show a legislative intent that, where the buyer sells the goods and gives notice to the seller, the seller should refile the conditional sales contract. Section 74 of the Personal Property Law merely requires refiling on removal of the goods or a change in the buyer’s residence to a different *1099 county. If the court were to follow defendants’ reasoning, it would be in direct violation of the strict interpretation rule stated in Goetschius v. Brightman (supra).
The defendants also claim that section 64-a of the Personal Property Law requires the name of the second buyer and cite Industrial Bank of Commerce v. Packard Yonkers Corp. (279 App. Div. 125, affd. without opinion 304 N. Y. 622).
In the Industrial Bank case, the conditional sales contract contained the name of a fictitious buyer instead of the name of the real buyer. The court held that the seller has a duty to verify the name of the buyer. The Industrial Bank case does not apply to the facts in this case. The original conditional sales contract herein contained the name of Jackson, who was the real buyer. In the Industrial Bank case, the court did not infer that a subsequent buyer from the original buyer should be included within the meaning of their decision.
Matter of Amity Dyeing & Finishing Co. (200 F. Supp. 823, affd. sub nom. Davis v. P. R. Sales Co., 304 F. 2d 831), is likewise inapplicable. In that case the parties did execute a new conditional sales contract, which, of course, did have to be refiled.
The defendants further argue that plaintiff is estopped from claiming title to the automobile on the authority of Rand’s Discount Co. v. Universal C. I. T. Credit Corp. (10 A D 2d 240, affd. 9 N Y 2d 454). The facts in that case are distinguishable from the facts here in that the conditional seller did not file the conditional sales contract in Rand’s Discount case, whereas in the case before the court, the conditional seller did file the conditional sales contract.
The defendants also claim that the Transfer Contract constitutes a new conditional sales contract. This argument is completely without merit.
The law is quite clear that since the conditional sales contract was duly filed in the proper district, the contract is enforcible against theoworld (see Gray Milling Co. v. Dankert, 198 Misc. 812; Greenberg v. Rogers Restaurant Corp., 196 Misc. 951; Matter of Lake’s Laundry, 79 F. 2d 326; Matter of Tonawanda Brewing Corp., 13 F. Supp. 345; Eager, Chattel Mortgages and Conditional Sales, § 331, pp. 433-434).
I recognize that a heavy burden is placed on one who tries to ascertain whether a conditional sales contract exists in circumstances as are here presented. It is a problem, however, that must be resolved by the Legislature and cannot be by the court.
Finally, since I find that Keeler was in default under the retail installment contract at the time of the levy, the plaintiff’s *1100 right to possession is superior to that of the defendants (see Edwards v. Walker, 162 Misc. 96; Cohocton Val. Garage v. Kellogg, 136 Misc. 283; Bankers Trust Co. v. Island Discount Corp., 6 Misc 2d 948; Matter of Dineen Sales & Service Corp. v. Hall, 13 Misc 2d 560).
The defendant, St. Nance Equity Corp., the buyer at the execution sale, stands in the shoes of the codefendant (see Eager, Chattel Mortgages and Conditional Sales, § 346, p. 456, cited by defendants). Therefore, all of the foregoing refers to defendant St. Nance Equity Corp., as well as to the codefendant.
I find that the fair market value of the automobile if it were in good condition would be $1,400. I am satisfied, however, that there was some $300 in repairs necessary to bring the car to its fair market value. I therefore find that the " value of the automobile at the time of the levy was $1,100.
The clerk is directed to enter judgment in favor of the plaintiff and against the defendants in the sum of $1,100, with interest from June 1,1960, the date of the levy.