Harold Tessler, J.
This is an application brought pursuant to CPLR 5239 to determine petitioner’s right to possession of a certain automobile levied upon by the Sheriff.
The pertinent facts are these: In June, 1961, Continental Casualty Company recovered a money judgment against John Maloney. Execution was issued out of this court pursuant to which the Sheriff, on February 2, 1965, levied upon an Oldsmobile automobile which was in the possession of judgment debtor subject to a conditional sales contract. Petitioner is the assignee of the conditional vendor. Judgment debtor failed to make the installment payment due on February 25, 1965, pursuant to the conditional sales contract. The contract provides that judgment debtor has the right to possession of the automobile with title remaining in the petitioner, but upon default in any payment petitioner is entitled to repossess the automobile.
Pursuant to CPLR 5201 (subd. [b]): “A money judgment may be enforced against any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested”. Therefore, the present contingent right of a conditional vendee to possession of the property is properly subject to enforcement.
*252 It has been held that where a conditional vendee defaults in payment prior to a levy, the right of a conditional vendor to repossession is superior to the Sheriff’s right to take possession pursuant to the levy, (Universal C. I. T. Credit Corp. v. Schlossman’s, 37 Misc 2d 1097; Matter of D. L. Dineen Sales & Serv. Corp. v. Hall, 13 Misc 2d 560.) Here, however, the levy was effected prior to the default.
A levy cannot relieve the conditional vendee of his obligation under the contract to pay the installments as they come due, nor can the levy void the conditional vendor’s statutory right to repossession (Personal Property Law, § 75) when there is a default in payment. (See Matter of Intermediate Credit Corp. v. Overseas Nat. Airways, 41 Misc 2d 522.) Therefore, when the 'Sheriff seizes property in the possession of a conditional vendee, he takes it subject to the rights and obligations of the conditional vendee and cannot sell the right to possession if, prior to the sale, there is a default in payment. (See Matter of Intermediate Credit Corp. v. Overseas Nat. Airways, supra.)
To hold otherwise would allow a Sheriff to acquire greater property rights against the conditional vendor than the conditional vendee had. Further, the purchaser at the Sheriff’s sale would acquire the vehicle subject to the conditional vendor’s immediate right to repossession. In effect, the purchaser would get the conditional vendee’s right of redemption and in some cases the right to require another sale. Such rights were not leviable under the 'Civil Practice Act (Eighth Annual Report of N. Y. Judicial Council [N. Y. Legis. Doc. 1942, No. 16], pp. 413-414) and there is no change in the CPLR making them leviable.
Accordingly, the petition is granted to the extent of vacating the levy and directing the Sheriff to deliver the property to the petitioner. .